1   TOWNSEND AND TOWNSEND AND CREW LLP
    THEODORE T. HERHOLD (State Bar No. 122895)
2   ROBERT J. ARTUZ (State Bar No. 227789)
    BYRON R. CHIN (State Bar No. 259846)
3   379 Lytton Avenue
    Palo Alto, CA  94301
4   Telephone:  (650) 326-2400
    Facsimile:  (650) 326-2422
5   Email: ttherhold@townsend.com
           rjartuz@townsend.com
6          brchin@townsend.com

7   Attorneys for
    GUIDETECH LLC
8

9                   UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13   BRILLIANT INSTRUMENTS, INC.,          Case No. C09-05517 (BZ)

14          Plaintiff,                     **GUIDETECH LLC'S ANSWER TO**
                                           **COMPLAINT FOR DECLARATORY**
15          v.                             **JUDGMENT AND COUNTERCLAIM**

16   GUIDETECH, INC.,
                                           **DEMAND FOR JURY TRIAL**
17          Defendant.

18   GUIDETECH LLC,

19          Counterclaimant,

20          v.

21   BRILLIANT INSTRUMENTS, INC.,

22          Counterdefendant.

23

24

25          GuideTech LLC ("GuideTech"), by and through its attorneys, hereby files its answer and

26   counterclaim to Plaintiff Brilliant Instruments, Inc.'s ("Brilliant") complaint for declaratory

27   judgment ("Complaint") as follows.  The named defendant in this action – GuideTech, Inc. – is a

28   non-existent entity.  Pending Brilliant's motion for leave to amend the complaint to name the

townsend.

proper defendant, the answer and counterclaim asserted herein are on behalf of GuideTech LLC.

## I.   ANSWER TO COMPLAINT

### NATURE OF THE ACTION

1.     GuideTech admits that on November 20, 2009 Brilliant filed a complaint against GuideTech for declaratory judgment of noninfringement of U.S. Patent Nos. 6,091,671 (the "'671 patent"), 6,189,649 (the "'649 patent"), 6,226,231 (the "'231 patent"), 6,456,959 (the "'959 patent"), 6,621,767 (the "'767 patent"), 6,999,382 (the "'382 patent"), and 7,203,610 (the "'610 patent") (collectively, "the patents-in-suit").  GuideTech denies the remaining allegations of paragraph 1.

### INTRADISTRICT ASSIGNMENT

2.     Admitted.

### PARTIES

3.     GuideTech admits that Brilliant is in the business of manufacturing and selling precision time and frequency measurement instruments.  GuideTech is without sufficient information or belief to admit or deny the remaining allegations of paragraph 3 and, on that basis, denies them.

4.     GuideTech, Inc. is a non-existent entity.  GuideTech admits that it is a limited liability corporation organized and existing under the laws of the State of California and that it is in the business of manufacturing and selling measurement instruments.  GuideTech denies the remaining allegations of paragraph 4.

### JURISDICTION AND VENUE

5.     Admitted.

6.     Admitted.

### THE GUIDETECH PATENTS

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

1    12.    Admitted.

2    13.    Admitted.

3                    **EXISTENCE OF AN ACTUAL CONTROVERSY**

4    14.    GuideTech admits that, on November 4, 2009, it sent Brilliant a letter stating,

5    among other things, that "it does appear that Brilliant Instruments is using technology covered by

6    one or more [of the patents-in-suit]."  GuideTech further admits that that letter is attached to the

7    Complaint as Exhibit H.  GuideTech denies the remaining allegations of paragraph 14.

8    15.    GuideTech admits that it has communicated to GuideTech's customers and Brilliant

9    that it values its intellectual property and the intellectual property of others, and it will vigorously

10   defend its intellectual property rights against infringement by other providers of semiconductor

11   testing equipment if forced to do so.  GuideTech denies the remaining allegations of paragraph 15.

12   16.    Denied.

13   17.    The Complaint does not have a paragraph 17.

14                             **COUNT I**

15        **(Declaration of Non-Infringement of U.S. Patent No. 6,091,671)**

16   18.    GuideTech hereby realleges and incorporates by reference its answers to the

17   allegations of paragraphs 1 through 17 as set forth above.

18   19.    Denied.

19   20.    GuideTech admits that a substantial controversy exists between GuideTech and

20   Brilliant as to whether Brilliant infringes any claim of the '671 patent.  GuideTech denies the

21   remaining allegations of paragraph 20.

22   21.    Denied.

23                             **COUNT II**

24        **(Declaration of Non-Infringement of U.S. Patent No. 6,181,649)**

25   22.    GuideTech hereby realleges and incorporates by reference its answers to the

26   allegations of paragraphs 1 through 21 as set forth above.

27   23.    Denied.

28   24.    GuideTech admits that a substantial controversy exists between GuideTech and

townsend.

1  Brilliant as to whether Brilliant infringes any claim of the '649 patent.  GuideTech denies the

2  remaining allegations of paragraph 24.

3       25.    Denied.

4                           **COUNT III**

5          **(Declaration of Non-Infringement of U.S. Patent No. 6,226,231)**

6       26.    GuideTech hereby realleges and incorporates by reference its answers to the

7  allegations of paragraphs 1 through 25 as set forth above.

8       27.    Denied.

9       28.    GuideTech admits that a substantial controversy exists between GuideTech and

10  Brilliant as to whether Brilliant infringes any claim of the '231 patent.  GuideTech denies the

11  remaining allegations of paragraph 28.

12       29.    Denied.

13                           **COUNT IV**

14         **(Declaration of Non-Infringement of U.S. Patent No. 6,456,959)**

15       30.    GuideTech hereby realleges and incorporates by reference its answers to the

16  allegations of paragraphs 1 through 29 as set forth above.

17       31.    GuideTech is without sufficient information or belief to admit or deny the

18  allegations of paragraph 31 and, on that basis, denies them.  GuideTech is investigating Brilliant's

19  infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and

20  when it is determined that Brilliant infringes one or more claims of the '959 patent.

21       32.    GuideTech admits that a substantial controversy exists between GuideTech and

22  Brilliant as to whether Brilliant infringes any claim of the '959 patent.  GuideTech denies the

23  remaining allegations of paragraph 32.

24       33.    Denied.

25                           **COUNT V**

26         **(Declaration of Non-Infringement of U.S. Patent No. 6,621,767)**

27       34.    GuideTech hereby realleges and incorporates by reference its answers to the

28  allegations of paragraphs 1 through 33 as set forth above.

35.     GuideTech is without sufficient information or belief to admit or deny the allegations of paragraph 35 and, on that basis, denies them. GuideTech is investigating Brilliant's infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and when it is determined that Brilliant infringes one or more claims of the '767 patent.

36.     GuideTech admits that a substantial controversy exists between GuideTech and Brilliant regarding whether Brilliant infringes any claim of the '767 patent.  GuideTech denies the remaining allegations of paragraph 36.

37.     Denied.

## COUNT VI

### (Declaration of Non-Infringement of U.S. Patent No. 6,999,382)

38.     GuideTech hereby realleges and incorporates by reference its answers to the allegations of paragraphs 1 through 37 as set forth above.

39.     GuideTech is without sufficient information or belief to admit or deny the allegations of paragraph 39 and, on that basis, denies them.  GuideTech is investigating Brilliant's infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and when it is determined that Brilliant infringes one or more claims of the '382 patent.

40.     GuideTech admits that a substantial controversy exists between GuideTech and Brilliant as to whether Brilliant infringes any claim of the '382 patent.  GuideTech denies the remaining allegations of paragraph 40.

41.     Denied.

## COUNT VII

### (Declaration of Non-Infringement of U.S. Patent No. 7,203,610)

42.     GuideTech hereby realleges and incorporates by reference its answers to the allegations of paragraphs 1 through 41 as set forth above.

43.     GuideTech is without sufficient information or belief to admit or deny the allegations of paragraph 43 and, on that basis, denies them.  GuideTech is investigating Brilliant's infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and when it is determined that Brilliant infringes one or more claims of the '610 patent.

townsend.

44.     GuideTech admits that a substantial controversy exists between GuideTech and Brilliant as to whether Brilliant infringes any claim of the '610 patent.  GuideTech denies the remaining allegations of paragraph 44.

45.     Denied.

## PRAYER FOR RELIEF

In response to Brilliant's Prayer for Relief, GuideTech denies that Brilliant is entitled to relief of any kind.

## II.     GUIDETECH'S COUNTERCLAIM

46.     GuideTech hereby realleges and incorporates by reference its answers to the allegations of paragraphs 1 through 45 as set forth above.

## PARTIES

47.     Counterclaimant GuideTech is a limited liability corporation organized and existing under the laws of the state of California, having its principal place of business at 616 National Ave., Mountain View, CA 94043.

48.     Counterdefendant Brilliant asserts it is a corporation organized and existing under the laws of the State of Delaware, with its headquarters and principal place of business at 1600 W. Campbell Ave., Suite 206, Campbell, California 95008.

## JURISDICTION AND VENUE

49.     The Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

50.     The Court has personal jurisdiction over Brilliant by virtue of it commencing this action against GuideTech in this Court.

51.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## BACKGROUND

52.     On information and belief, Shalom Kattan ("Kattan") founded GuideTech's predecessor, Guide Technologies, Inc. in 1988 (later doing business as "GuideTech"), and served for some time period as the president and founder of GuideTech.  In approximately 1999, Kattan

1    became the chief technology officer of GuideTech.

2        53.    On July 14, 1999, while still employed at or serving as an officer of GuideTech,

3    Kattan filed or assisted with the filing of one or more patent applications with the U.S. Patent &

4    Trademark Office.  The one or more patent applications eventually issued as the '671, '649, '231,

5    '959, and '767 patents (the "Kattan patents").

6        54.    Kattan is the sole named inventor on the Kattan patents.

7        55.    In 1999, Kattan assigned all of his rights, title and interest in the Kattan patents to

8    GuideTech.

9        56.    GuideTech is the owner and assignee of all the patents-in-suit.

10        57.    Prior to his resignation of employment at GuideTech in 2004, Kattan signed or

11    entered into a Non-Disclosure Agreement ("NDA") that required Kattan to, among other things,

12    protect GuideTech's confidential and proprietary information and not to disclose to third parties or

13    misuse such information.

14        58.    During his employment at GuideTech between approximately 1988 and 2004,

15    Kattan developed or assisted in the development of time interval analyzer technology or products

16    that were used or sold by GuideTech and its employees and agents.

17        59.    During his employment at GuideTech between approximately 1988 and 2004,

18    Kattan was exposed to GuideTech's confidential information and trade secrets covered by the

19    NDA.

20        60.    On February 24, 2004, Kattan signed an Employment Separation Agreement (the

21    "Separation Agreement") that required him to resign his employment at GuideTech.  By signing

22    the Separation Agreement, Kattan agreed to, among other things, adhere to the terms of the NDA

23    and acknowledged that pursuant to the terms of the NDA he would not disclose to any person or

24    entity any confidential information or trade secrets of GuideTech and its affiliates, whether

25    directly or indirectly, or use them in any way.  By signing the Separation Agreement, Kattan

26    further acknowledged that GuideTech's confidential information and trade secrets included, and

27    were not limited to, formulae, customer lists, patterns, devices, inventions, processes, compilations

28    of information, files, records, documents, drawings, specifications, and equipment.

61.     In accordance with the terms of the Separation Agreement, Kattan resigned his employment at GuideTech on February 29, 2004.

62.     On information and belief, at some time after leaving GuideTech in 2004, Kattan founded Brilliant.  Kattan is the founder and president of Brilliant.  Brilliant competes with GuideTech as a manufacturer and seller of precision time and frequency measurement instruments including time interval analyzers.

63.     At various times prior to the initiation of Brilliant's present lawsuit, representatives of Brilliant, including Kattan, have spoken to one or more representatives of GuideTech and threatened to drive GuideTech out of business by underselling Brilliant's products to GuideTech's current or potential customers.

64.     GuideTech continues to investigate whether Brilliant and/or Kattan have, among other things: (1) engaged in wrongful or unlawful business practices that have injured GuideTech's business; and/or (2) violated the Separation Agreement and the NDA by disclosing, misusing or misappropriating GuideTech's confidential information or trade secrets.  GuideTech reserves its right to amend its Counterclaim to assert additional claims against Brilliant and/or Katan should GuideTech's ongoing investigation and/or discovery in this case reveal additional wrongdoing by said parties, including, but not limited to, claims for misappropriation of trade secrets, unfair competition and breach of contract.

## THE ACCUSED BRILLIANT PRODUCTS

65.     Brilliant has made, marketed, distributed, offered for sale, or sold within, or imported into, the United States time interval analyzers including but not limited to the BI200 (the "accused Brilliant products").  The accused Brilliant products infringe one or more claims of the patents-in-suit under 35 U.S.C. § 271.

66.     Brilliant had knowledge of GuideTech's rights and interests in the patents-in-suit when it made, marketed, distributed, offered for sale, or sold within, or imported into, the United States the accused Brilliant products.

67.     Upon information or belief, Brilliant has contacted one or more of GuideTech's customers or potential customers, including but not limited to Integrated Device Technology, Inc.

1   ("IDT"), in an attempt to offer for sale sell such customers accused Brilliant products.

2       68.     Upon information or belief, Brilliant has offered for sale or sold one or more

3   accused Brilliant products to one or more of GuideTech's customers including IDT.

4       **COUNTERCLAIM I:  INFRINGEMENT OF U.S. PATENT NO. 6,091,671**

5       69.     GuideTech realleges and incorporates by reference its answers and allegations of

6   paragraphs 1 through 68 as set forth above.

7       70.     Brilliant has infringed and continues to infringe, literally or under the doctrine of

8   equivalents, one or more claims of the '671 patent by performing, without authority, one or more

9   of the following acts under 35 U.S.C. § 271: (a) making, using, offering to sell, and selling within,

10  or importing into, the United States time interval analyzers, including but not limited to the BI200,

11  that include the invention of one or more claims of the '671 patent; (b) inducing infringement by

12  inducing others to use time interval analyzers, including but not limited to the BI200, that include

13  the invention of one or more claims of the '671 patent; and (d) contributing to infringement by

14  offering to sell or selling within, or importing into, the United States a component of a time

15  interval analyzer for use in practicing the invention of one or more claims of the '671 patent,

16  knowing the same to be especially made or especially adapted for use in an infringement of the

17  '671 patent.

18      71.     GuideTech has at all times complied with 35 U.S.C. § 287 with respect to the '671

19  patent.

20      72.     Brilliant or Shalom Kattan has had actual notice of the '671 patent since its issuance

21  in 2000.

22      73.     Brilliant's infringement has been and continues to be willful.

23      74.     As a result of Brilliant's infringing acts, GuideTech has suffered and will continue

24  to suffer damages in an amount to be proved at trial.

25      **COUNTERCLAIM II:  INFRINGEMENT OF U.S. PATENT NO. 6,181,649**

26      75.     GuideTech realleges and incorporates by reference its answers and allegations of

27  paragraphs 1 through 74 as set forth above.

28      76.     Brilliant has infringed and continues to infringe, literally or under the doctrine of

townsend.

equivalents, one or more claims of the '649 patent by performing, without authority, one or more of the following acts under 35 U.S.C. § 271: (a) making, using, offering to sell, and selling within, or importing into, the United States time interval analyzers, including but not limited to the BI200, that include the invention of one or more claims of the '649 patent; (b) inducing infringement by inducing others to use time interval analyzers, including but not limited to the BI200, that include the invention of one or more claims of the '649 patent; and (c) contributing to infringement by offering to sell or selling within, or importing into, the United States a component of a time interval analyzer for use in practicing the invention of one or more claims of the '649 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '649 patent.

77.     GuideTech has at all times complied with 35 U.S.C. § 287 with respect to the '649 patent.

78.     Brilliant or Shalom Kattan has had actual notice of the '649 patent since its issuance in 2001.

79.     Brilliant's infringement has been and continues to be willful.

80.     As a result of Brilliant's infringing acts, GuideTech has suffered and will continue to suffer damages in an amount to be proved at trial.

**COUNTERCLAIM III:   INFRINGEMENT OF U.S. PATENT NO. 6,226,231**

81.     GuideTech realleges and incorporates by reference its answers and allegations of paragraphs 1 through 80 as set forth above.

82.     Brilliant has infringed and continues to infringe, literally or under the doctrine of equivalents, one or more claims of the '231 patent by performing, without authority, one or more of the following acts under 35 U.S.C. § 271: (a) making, using, offering to sell, and selling within, or importing into, the United States time interval analyzers, including but not limited to the BI200, that include the invention of one or more claims of the '671 patent; (b) inducing infringement by inducing others to use time interval analyzers, including but not limited to the BI200, that include the invention of one or more claims of the '231 patent; and (c) contributing to infringement by offering to sell or selling within, or importing into, the United States a component of a time

1    interval analyzer for use in practicing the invention of one or more claims of the '231 patent,

2    knowing the same to be especially made or especially adapted for use in an infringement of the

3    '231 patent.

4           83.    GuideTech has at all times complied with 35 U.S.C. § 287 with respect to the '231

5    patent.

6           84.    Brilliant or Shalom Kattan has had actual notice of the '231 patent since its issuance

7    in 2001.

8           85.    Brilliant's infringement has been and continues to be willful.

9           86.    As a result of Brilliant's infringing acts, GuideTech has suffered and will continue

10    to suffer damages in an amount to be proved at trial.

11                          **PRAYER FOR RELIEF**

12          WHEREFORE, GuideTech requests entry of judgment in its favor and against Brilliant as

13    follows:

14           a.    A judgment that Brilliant has infringed, directly and/or indirectly, one or

15    more claims of each of the '671, '649 and '231 patents;

16             b.    A judgment that Brilliant's infringement was willful;

17             c.    A judgment and order in favor of GuideTech requiring Brilliant to pay

18    GuideTech the full amount of its actual damages caused by Brilliant's infringing activities,

19    including an assessment of prejudgment and postjudgment interest and costs;

20             d.    A judgment and order that Brilliant, its agents, employees, representatives,

21    successors, and assigns, and those acting in privity or concert with them, be preliminarily and

22    permanently enjoined from further activity or conduct that infringes the claims of the '671, '649

23    and '231 patents;

24             e.    A judgment determining that this case is "exceptional" within the meaning

25    of 35 U.S.C. § 285, entitling GuideTech to an award of reasonable attorneys' fees, expenses, and

26    costs; and

27             f.    Such other and further equitable or legal relief as the Court deems just and

28    proper.

1

**DEMAND FOR JURY TRIAL**

2

GuideTech hereby demands a jury trial as to all issues triable to a jury.

3

4

DATED:  December 14, 2009          Respectfully submitted,

5

TOWNSEND AND TOWNSEND AND CREW LLP

6

7

By:  /s/ Theodore T. Herhold
     THEODORE T. HERHOLD

8

9

Attorneys for Defendant and Counterclaimant
GUIDETECH LLC

10

62356699 v1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

townsend.