IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRILLIANT INSTRUMENTS, INC.,

    Plaintiff,

  v.

GUIDETECH, INC.,

    Defendant.
_____/

GUIDETECH, INC.,

    Counterclaimant,

  v.

BRILLIANT INSTRUMENTS, INC.,

    Counterclaim-Defendant.
_____/

No. C 09-5517 CW

ORDER DENYING BRILLIANT INSTRUMENTS, INC.'S MOTION TO STRIKE (Docket No. 11)

    Plaintiff and Counterclaim-Defendant Brilliant Instruments, Inc. moves to strike portions of Defendant and Counterclaimant GuideTech, Inc.'s answer and counterclaim. GuideTech opposes the motion. The motion was taken under submission on the papers. Having considered all the papers submitted by the parties, the Court DENIES Brilliant's Motion to Strike.

## BACKGROUND

    Brilliant seeks a declaration that its products do not infringe GuideTech's United States Patent Nos. 6,091,671 ('671 patent); 6,181,649 ('649 patent); 6,226,231 ('231 patent); 6,456,959 ('959 patent); 6,621,767 ('767 patent); 6,999,382 ('382 patent); and 7,203,610 ('610 patent). GuideTech answered Brilliant's complaint and counterclaimed for infringement of the

'671, '649 and '231 patents.  GuideTech maintains that Brilliant's infringement has been and continues to be willful.

Brilliant moves to strike the background section of GuideTech's counterclaim, which contains the following allegations. Shalom Kattan is Brilliant's founder and president.  Brilliant and GuideTech compete in the market for "precision time and frequency measurement instruments."  GuideTech's Answer ¶ 62.  Prior to founding Brilliant, Mr. Kattan founded and was employed by Guide Technologies, Inc., which was the predecessor of GuideTech.[1] During his employment, Mr. Kattan invented the patents-at-issue in GuideTech's counterclaim and had access to Guide Technologies' confidential information and trade secrets.  In 2004, Mr. Kattan resigned from his employment with Guide Technologies.  As part of his resignation, he signed an "Employment Separation Agreement," which included a non-disclosure clause that required him to, among other things, protect Guide Technologies' proprietary information.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517

---

[1] Brilliant complains that GuideTech's use of the name "GuideTech" to refer to Guide Technologies is intended to mislead and confuse.  For the purposes of this motion, because GuideTech does not distinguish between itself and its predecessor, the Court assumes that the background section refers to Guide Technologies. Notably, the patents accompanying Brilliant's complaint name Guide Technologies as the assignee.

(1994).

## DISCUSSION

Brilliant moves to strike the background section in its entirety, arguing that it contains "immaterial, impertinent or scandalous matter." Mot. at 2.  Matter is immaterial if it has no essential or important relationship to the claim for relief plead. Fantasy, Inc., 984 F.2d at 1527.  Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case.  Id.  Brilliant asserts that the allegations against Mr. Kattan do not pertain to the purported infringement of the patents-at-issue and that GuideTech makes them only to cast Mr. Kattan in a negative light and to cause confusion.

GuideTech responds that these allegations, among other things, support its claim that Brilliant has been and continues to be willful in its infringement of GuideTech's patents.  To demonstrate that a defendant willfully infringed, a patentee must show at least "objective recklessness."  In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  Proving objective recklessness entails a two-step process.  First, a patentee must prove by "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent."  Id.  Once this threshold showing is made, "the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer."  Id.

If GuideTech proves that Brilliant's products infringe, Mr. Kattan's prior employment with Guide Technologies could illuminate

3

whether Brilliant's actions were objectively reckless.  Mr. Kattan purportedly has personal knowledge of the development of the inventions claimed by the patents-in-suit.  Furthermore, he stands in a position to prevent Brilliant from infringing GuideTech's intellectual property.  Brilliant argues that Mr. Kattan's state of mind is not relevant to proving the objectively high likelihood of infringement under Seagate.  See Seagate, 497 F.3d at 1371 ("The state of mind of the accused infringer is not relevant to this objective inquiry.").  Although this is true, these allegations do not go only to Mr. Kattan's state of mind; instead, they provide a context from which a fact-finder can determine whether Brilliant acted despite a high likelihood that its products would infringe.  Moreover, these allegations provide a factual basis that suggests that GuideTech knew of the risk of infringement.

As Brilliant acknowledges, motions to strike are disfavored remedies.  GuideTech's allegations concerning Mr. Kattan are relevant to its claim, among others, that Brilliant has been and continues to be willful in allegedly infringing the patents-in-suit.  Accordingly, the Court does not strike GuideTech's background section.

## CONCLUSION

For the foregoing reasons, the Court DENIES Brilliant's Motion to Strike Specified Portions of GuideTech's Counterclaim (Docket No. 11).  A case management conference is scheduled for May 4, 2010 at 2:00 p.m.

Dated: March 24, 2010

CLAUDIA WILKEN
United States District Judge