Thomas W. Lathram (State Bar No. 59639)
Tom@SiliconEdgeLaw.com
Arthur J. Behiel (State Bar No. 172165)
Art@SiliconEdgeLaw.com
SILICON EDGE LAW GROUP LLP
6601 Koll Center Parkway, Suite 245
Pleasanton, CA 94566
Telephone: (925) 621-2110
Facsimile: (925) 621-2119

Attorneys for Plaintiff, Counterdefendant
and Counterclaimant
BRILLIANT INSTRUMENTS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRILLIANT INSTRUMENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>GUIDETECH, INC., and<br>RONEN SIGURA, an individual,<br><br>Defendants.<br><br>and Related Counterclaims | Civil No. C09-05517 CW<br><br>**FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Brilliant Instruments, Inc. ("Brilliant" or "Plaintiff"), by its attorneys, hereby alleges against Defendant GuideTech, Inc. ("GuideTech" or "Defendant") as follows:

**NATURE OF THE ACTION**

1.   This is an action for a declaratory judgment of non-infringement of United States Patent Nos. 6,091,671 (the "'671 patent"); 6,181,649 (the "'649 patent"); 6,226,231 (the "'231 patent"); 6,456,959 (the "'959 patent"); 6,621,767 (the "'767 patent"); 6,999,382 (the "'382 patent"); and 7,203,610 (the "'610 patent") (collectively the "GuideTech Patents").

## INTRADISTRICT ASSIGNMENT

2. This action is an Intellectual Property Action under Civil Local Rule 3-2(c) and is to be assigned on a district-wide basis.

## PARTIES

3. Plaintiff Brilliant is a corporation organized and existing under the laws of the State of Delaware, and has its headquarters and principal place of business in this District at 1600 W. Campbell Avenue, Suite 206, Campbell, California 95008. Brilliant is in the business, among other things, of manufacturing and selling precision time and frequency measurement instruments.

4. On information and belief, Defendant GuideTech is a corporation organized and existing under the laws of the State of California, and has its headquarters and principal place of business in this District at 102 Persian Drive, Suite 101, Sunnyvale, California 94089. On information and belief, GuideTech is in the business of manufacturing and selling measurement instruments.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c); and 1400(b) because, on information and belief, GuideTech's principal place of business is in this District, GuideTech does business in this District, and a substantial part of the events giving rise to the claims at issue occurred in this District.

## THE GUIDETECH PATENTS

7. The '671 patent issued on July 18, 2000, on an application filed on July 14, 1999, and is entitled "Time Interval Analyzer Having Interpolator With Constant Current Capacitor Control." A true and correct copy of the '671 patent is attached hereto as Exhibit A.

8. The '649 patent issued on January 30, 2001, on an application filed on July 14, 1999, and is entitled "Time Interval Analyzer Having Current Boost." A true and correct copy of the '649 patent is attached hereto as Exhibit B.

9. The '231 patent issued on May 1, 2001, on an application filed on July 14, 1999, and is entitled "Time Interval Analyzer Having Multiple Measurement Circuits." A true and correct copy of the '231 patent is attached hereto as Exhibit C.

10. The '959 patent issued on September 24, 2002, on an application filed on July 14, 1999, and is entitled "Time Interval Analyzer Having Parallel Counters." A true and correct copy of the '959 patent is attached hereto as Exhibit D.

11. The '767 patent issued on September 16, 2003, on an application filed on July 14, 1999, and is entitled "Time Interval Analyzer Having Real Time Counter." A true and correct copy of the '767 patent is attached hereto as Exhibit E.

12. The '382 patent issued on February 14, 2006, on an application filed on April 30, 2003, and is entitled "Signal Splitting System and Method for Enhanced Time Measurement Device Operation." A true and correct copy of the '382 patent is attached hereto as Exhibit F.

13. The '610 patent issued on April 10, 2007, on an application filed on August 31, 2004, and is entitled "System and Method of Obtaining Data-Dependent Jitter (DDJ) Estimates From Measured Signal Data." A true and correct copy of the '610 patent is attached hereto as Exhibit G.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

14. On or about November 4, 2009, Brilliant received a letter dated November 3, 2009, via Federal Express from attorneys for GuideTech, accusing Brilliant of infringing the GuideTech Patents and threatening litigation for patent infringement. A true and correct copy of the letter is attached hereto as Exhibit H.

15. GuideTech has orally accused Brilliant of infringing GuideTech's patents and has threatened litigation, and on information and belief, GuideTech has advised Brilliant's customers that Brilliant infringes GuideTech patents and that litigation is likely.

16. Plaintiff Brilliant has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the GuideTech patents.

17. There is an actual controversy between the parties within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 with respect to the rights of the parties regarding the GuideTech Patents.

## COUNT I

### (Declaration of Non-infringement of U.S. Patent No. 6,091,671)

18. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

19. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '671 patent.

20. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

21. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '671 patent.

## COUNT II

### (Declaration of Non-infringement of U.S. Patent No. 6,181,649)

22. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

23. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '649 patent.

24. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '649 patent.

## COUNT III

**(Declaration of Non-infringement of U.S. Patent No. 6,226,231)**

26. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

27. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '231 patent.

28. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '231 patent.

## COUNT IV

**(Declaration of Non-infringement of U.S. Patent No. 6,456,959)**

30. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

31. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '959 patent.

32. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '959 patent.

## COUNT V

**(Declaration of Non-infringement of U.S. Patent No. 6,621,767)**

34. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

35. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '767 patent.

36. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '767 patent.

## COUNT VI

**(Declaration of Non-infringement of U.S. Patent No. 6,999,382)**

38. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

39. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '382 patent.

40. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '382 patent.

## COUNT VII

**(Declaration of Non-infringement of U.S. Patent No. 7,203,610)**

42. Plaintiff repeats and realleges the allegations in paragraphs 1 through 17 above as though fully set forth herein.

43. Plaintiff has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '610 patent.

44. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights regarding the '610 patent.

## ADDITIONAL PARTY

46. On information and belief, defendant Ronen Sigura ("Sigura"), an individual, is an owner and principal of GuideTech and at all times herein acted both in his individual capacity and on behalf of GuideTech. On information and belief, Sigura resides in this judicial district and the acts performed by Sigura as alleged herein took place in this judicial district.

## JURISDICTION AND VENUE

47. This Court has supplemental jurisdiction over the claims set forth in Counts VIII, IX, and X below and over defendant Sigura pursuant to 28 U.S.C. § 1367(a) because such claims are so related to the claims in this action that they form part of the same case or controversy under Article III of the United States Constitution. Venue is proper in this District under 28 U.S.C. § 1391(b).

## COUNT VIII

### (Intentional Interference with Prospective Economic Advantage)

48. On information and belief, Sigura and other representatives of GuideTech have made the following statements, before and after the filing of plaintiff's Complaint herein, to one or more of plaintiff's customers with whom plaintiff has contractual relations and/or prospective customers with whom plaintiff has a present relationship and an expectation of future contractual relations:

    a. Sigura is an electrical engineer..

    b. Sigura is a founder or co-founder of Guide Technology, Inc.

    c. Mr. Kattan of Brilliant "betrayed" Sigura by founding Brilliant.

    d. GuideTech can prove that Brilliant's products infringe the patents asserted in GuideTech's Counterclaim.

    e. Experts have examined Brilliant's products and have confirmed to Sigura and GuideTech that Brilliant's products infringe.

    f. If GuideTech wins the lawsuit, Brilliant's customers will have to remove Brilliant's products from products that incorporate them and that have already been sold to third parties.

49. On information and belief, the statements set forth in paragraph 47 above are false and the true facts are:

   a. Sigura is not an electrical engineer.

   b. Mr. Kattan founded Guide Technology, Inc. in approximately 1988, Sigura worked at Guide Technology from approximately 1996 to 2000, and Sigura is not a founder or co-founder of Guide Technology.

   c. Sigura obtained any rights in assets of Guide Technology more than eight years after leaving the company and more than four years after Mr. Kattan left the company, and Mr. Sigura obtained any rights in assets of Guide Technology at a time when he was well aware that Mr. Kattan had already founded Brilliant to sell time interval analyzer products; therefore Mr. Kattan did not "betray" Sigura by founding Brilliant.

   d. Mr. Kattan advised Sigura and other representatives of GuideTech both before and after Sigura's acquisition of any assets of Guide Technology that Brilliant's products do not infringe Guide Technology patents; Sigura and GuideTech did not and do not have any specific knowledge of the internal circuitry or operation of Briliiant's products and have no specific knowledge as to whether those products infringe; therefore they could not and cannot prove that those products infringe; subsequent to the filing of the instant lawsuit and subsequent to Brilliant's advice to GuideTech that Brilliant believed GuideTech had no specific knowledge of the internal circuitry and operation of Brilliant's products, Sigura contacted at least one Brilliant customer and advised the customer that GuideTech had initiated a company-wide "program" under which it would provide a free "legal" GuideTech product in exchange for an "illegal" Brilliant product, and requested that the customer ship Brilliant's product to GuideTech; subsequent to Brilliant's informing GuideTech that it objected to Sigura's conduct, Sigura again contacted the customer and complained about the customer's disclosure of Sigura's attempts to obtain a Brilliant product;

   e. Experts have not examined Brilliant's products and confirmed to Sigura or GuideTech that those products infringe.

    f.  Sigura and GuideTech had no legal basis for telling Brilliant's customers and/or prospective customers that Brilliant's products would have to be removed from previously-sold products.

50. On information and belief, Sigura and GuideTech made the statements set forth in paragraph 47 above with knowledge that they were false or with reckless disregard of whether they were true or false.

51. On information and belief, Sigura and GuideTech made the statements set forth in paragraph 47 above with the intent that Brilliant's customers and/or prospective customers would believe them to be true and in reliance thereon would return previously purchased Brilliant products, would cancel outstanding orders for Brilliant's products and/or would refuse to make new purchases of Brilliant's products.

52. On information and belief, Sigura and GuideTech made the statements set forth in paragraph 47 above with the intent that Brilliant's customers and prospective customers would in reliance thereon buy GuideTech's products rather than Brilliant's products.

53. On information and belief, customers and/or prospective customers, acting in reliance on the aforementioned statements, have returned previously-purchased Brilliant products, cancelled outstanding orders for Brilliant's products and/or refused to make new purchases of Brilliant's products, and instead have purchased GuideTech's products.

54. Sigura's and GuideTech's conduct as aforesaid has caused injury and damage to Brilliant and Brilliant's business and reputation in amounts to be proved at trial

55. Sigura's and GuideTech's conduct as aforesaid has caused irreparable injury and damage to Brilliant that will continue unless such conduct is enjoined.

56. Sigura and GuideTech are liable to Brilliant for intentional interference with prospective economic advantage and Brilliant is entitled to recover all damages caused thereby.

57. On information and belief, Sigura and GuideTech acted as aforesaid with actual malice toward Mr. Kattan and Brilliant. On information and belief, Sigura and GuideTech acquired any assets of Guide Technolgy with the intent to sue Brilliant for patent infringement without regard to whether or not Brilliant's products infringe those patents. On information and

belief, Sigura told at least one Brilliant customer or prospective customer that he intended to "take away Mr. Kattan's house."

58. On information and belief, Sigura and GuideTech are guilty of oppression, fraud, or malice, entitling Brilliant to recover punitive and exemplary damages.

## COUNT IX

### (Intentional Interference with Contractual Relations)

59. Plaintiff repeats and realleges the allegations in paragraphs 1 through 58 above as though fully set forth herein.

60. Sigura and GuideTech are liable to Brilliant for intentional interference with contractual relations and Brilliant is entitled to recover all damages caused thereby.

61. On information and belief, Sigura and GuideTech are guilty of oppression, fraud, or malice, entitling Brilliant to recover punitive and exemplary damages.

## COUNT X

### (Unfair Competition – Cal. Bus. & Prof. Code ¶¶ 17200 *et seq.*)

62. Plaintiff repeats and realleges the allegations in paragraphs 1 through 61 above as though fully set forth herein.

63. Sigura's and GuideTech's conduct as aforesaid constitutes unlawful, unfair or fraudulent business acts or practices within the meaning of § 17200 of California's unfair competition law, California Business and Professions Code §§ 17200, *et seq.*.

64. Brilliant has suffered injury in fact and has lost money or property as a result of the unfair competition within the meaning of California Business and Professions Code § 17204 and is entitled to the rights afforded by the unfair competition law, including injunctive relief.

(

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and prays that the Court grant the following relief:

A. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '671 patent;

B. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '649 patent;

C. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '231 patent;

D. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '959 patent;

E. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '767 patent;

F. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '382 patent;

G. A declaration that Plaintiff has not infringed, either directly or indirectly, any valid and enforceable claim of the '610 patent;

H. An order declaring that Plaintiff is the prevailing party and that this is an exceptional case, awarding Plaintiff its costs, expenses, disbursements, and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

I. Damages and punitive damages for intentional interference with prospective economic advantage;

J. Damages and punitive damages for intentional interference with contractual relations;

K.   An order enjoining defendants GuideTech and Sigura from committing the acts and practices of unfair competition alleged herein; and

L.   Such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury on all issues and claims so triable.

Dated: May 18, 2010              SILICON EDGE LAW GROUP LLP


By:   *Thomas W. Lathram*
      Thomas W. Lathram (SBN 59639)

Attorneys for Plaintiff, Counterdefendant and Counterclaimant
BRILLIANT INSTRUMENTS, INC.