1  TOWNSEND AND TOWNSEND AND CREW LLP
   THEODORE T. HERHOLD (State Bar No. 122895)
2  ROBERT J. ARTUZ (State Bar No. 227789)
   BYRON R. CHIN (State Bar No. 259846)
3  379 Lytton Avenue
   Palo Alto, CA  94301
4  Telephone:  (650) 326-2400
   Facsimile:  (650) 326-2422
5  Email: ttherhold@townsend.com
          rjartuz@townsend.com
6          brchin@townsend.com

7  Attorneys for Defendant, Counterclaimant, and
   Counterdefendant GUIDETECH, LLC.

8

9                       UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                            OAKLAND DIVISION

12

13  BRILLIANT INSTRUMENTS, INC.,          Case No. C09-05517 (CW)

14            Plaintiff,                  **GUIDETECH, LLC'S ANSWER TO
                                          BRILLIANT INSTRUMENTS, INC.'S
15       v.                               FIRST AMENDED COMPLAINT**

16  GUIDETECH, LLC., and RONEN SIGURA,
    an individual,                        **DEMAND FOR JURY TRIAL**

17            Defendants.

18
    _____
19  and Related Counterclaims

20

21       Defendant and Counterclaimant GuideTech LLC ("GuideTech") hereby answers Brilliant

22  Instruments, Inc.'s ("Brilliant") First Amended Complaint.

23                   **I.    ANSWER TO COMPLAINT**

24                        **NATURE OF THE ACTION**

25       1.    GuideTech admits that on November 20, 2009 Brilliant filed a complaint against

26  GuideTech for declaratory judgment of noninfringement of U.S. Patent Nos. 6,091,671 (the "'671

27  patent"), 6,189,649 (the"'649 patent"), 6,226,231 (the "'231 patent"), 6,456,959 (the "'959

28  patent"), 6,621,767 (the "'767 patent"), 6,999,382 (the "'382 patent"), and 7,203,610 (the "'610

1   patent") (collectively, "the patents-in-suit").  GuideTech denies the remaining allegations of

2   paragraph 1.

**INTRADISTRICT ASSIGNMENT**

4       2.    Admitted.

**PARTIES**

6       3.    GuideTech admits that Brilliant is in the business of manufacturing and selling

7   precision time and frequency measurement instruments.  GuideTech is without sufficient

8   information or belief to admit or deny the remaining allegations of paragraph 3 and, on that basis,

9   denies them.

10       4.    GuideTech, Inc. is a non-existent entity.  GuideTech admits that it is a limited

11   liability corporation organized and existing under the laws of the State of California and that it is

12   in the business of manufacturing and selling measurement instruments.  GuideTech denies the

13   remaining allegations of paragraph 4.

**JURISDICTION AND VENUE**

15       5.    Admitted.

16       6.    Admitted.

**THE GUIDETECH PATENTS**

18       7.    Admitted.

19       8.    Admitted.

20       9.    Admitted.

21       10.    Admitted.

22       11.    Admitted.

23       12.    Admitted.

24       13.    Admitted.

**EXISTENCE OF AN ACTUAL CONTROVERSY**

26       14.    GuideTech admits that, on November 4, 2009, it sent Brilliant a letter stating,

27   among other things, that "it does appear that Brilliant Instruments is using technology covered by

28   one or more [of the patents-in-suit]."  GuideTech further admits that that letter is attached to the

townsend.

GUIDETECH'S ANSWER TO BRILLIANT INSTRUMENTS, INC.'S FIRST AMENDED COMPLAINT
Case No. - C09-05517 (CW)

- 2 -

1  Complaint as Exhibit H.  GuideTech denies the remaining allegations of paragraph 14.

2      15.     GuideTech admits that it has communicated to GuideTech's customers and

3  Brilliant that it values its intellectual property and the intellectual property of others, and it will

4  vigorously defend its intellectual property rights against infringement by other providers of

5  semiconductor testing equipment if forced to do so.  GuideTech denies the remaining allegations

6  of paragraph 15.

7      16.     Denied.

8      17.     Admitted.

9                          **COUNT I**

10              **(Declaration of Non-Infringement of U.S. Patent No. 6,091,671)**

11     18.     GuideTech hereby realleges and incorporates by reference its answers to the

12  allegations of paragraphs 1 through 17 as set forth above.

13     19.     Denied.

14     20.     GuideTech admits that a substantial controversy exists between GuideTech and

15  Brilliant as to whether Brilliant infringes any claim of the '671 patent.  GuideTech denies the

16  remaining allegations of paragraph 20.

17     21.     Denied.

18                          **COUNT II**

19              **(Declaration of Non-Infringement of U.S. Patent No. 6,181,649)**

20     22.     GuideTech hereby realleges and incorporates by reference its answers to the

21  allegations of paragraphs 1 through 21 as set forth above.

22     23.     Denied.

23     24.     GuideTech admits that a substantial controversy exists between GuideTech and

24  Brilliant as to whether Brilliant infringes any claim of the '649 patent.  GuideTech denies the

25  remaining allegations of paragraph 24.

26     25.     Denied.

27                          **COUNT III**

28              **(Declaration of Non-Infringement of U.S. Patent No. 6,226,231)**

townsend.

1      26.      GuideTech hereby realleges and incorporates by reference its answers to the

2      allegations of paragraphs 1 through 25 as set forth above.

3      27.      Denied.

4      28.      GuideTech admits that a substantial controversy exists between GuideTech and

5      Brilliant as to whether Brilliant infringes any claim of the '231 patent.  GuideTech denies the

6      remaining allegations of paragraph 28.

7      29.      Denied.

8                                       **COUNT IV**

9                  **(Declaration of Non-Infringement of U.S. Patent No. 6,456,959)**

10     30.      GuideTech hereby realleges and incorporates by reference its answers to the

11     allegations of paragraphs 1 through 29 as set forth above.

12     31.      GuideTech is without sufficient information or belief to admit or deny the

13     allegations of paragraph 31 and, on that basis, denies them.  GuideTech is investigating Brilliant's

14     infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and

15     when it is determined that Brilliant infringes one or more claims of the '959 patent.

16     32.      GuideTech admits that a substantial controversy exists between GuideTech and

17     Brilliant as to whether Brilliant infringes any claim of the '959 patent.  GuideTech denies the

18     remaining allegations of paragraph 32.

19     33.      Denied.

20                                      **COUNT V**

21                  **(Declaration of Non-Infringement of U.S. Patent No. 6,621,767)**

22     34.      GuideTech hereby realleges and incorporates by reference its answers to the

23     allegations of paragraphs 1 through 33 as set forth above.

24     35.      GuideTech is without sufficient information or belief to admit or deny the

25     allegations of paragraph 35 and, on that basis, denies them. GuideTech is investigating Brilliant's

26     infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and

27     when it is determined that Brilliant infringes one or more claims of the '767 patent.

28     36.      GuideTech admits that a substantial controversy exists between GuideTech and

townsend.

1  Brilliant regarding whether Brilliant infringes any claim of the '767 patent.  GuideTech denies the

2  remaining allegations of paragraph 36.

3       37.    Denied.

4  **COUNT VI**

5  **(Declaration of Non-Infringement of U.S. Patent No. 6,999,382)**

6       38.    GuideTech hereby realleges and incorporates by reference its answers to the

7  allegations of paragraphs 1 through 37 as set forth above.

8       39.    GuideTech is without sufficient information or belief to admit or deny the

9  allegations of paragraph 39 and, on that basis, denies them.  GuideTech is investigating Brilliant's

10 infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and

11 when it is determined that Brilliant infringes one or more claims of the '382 patent.

12      40.    GuideTech admits that a substantial controversy exists between GuideTech and

13 Brilliant as to whether Brilliant infringes any claim of the '382 patent.  GuideTech denies the

14 remaining allegations of paragraph 40.

15      41.    Denied.

16 **COUNT VII**

17 **(Declaration of Non-Infringement of U.S. Patent No. 7,203,610)**

18      42.    GuideTech hereby realleges and incorporates by reference its answers to the

19 allegations of paragraphs 1 through 41 as set forth above.

20      43.    GuideTech is without sufficient information or belief to admit or deny the

21 allegations of paragraph 43 and, on that basis, denies them.  GuideTech is investigating Brilliant's

22 infringement of the patents-in-suit and it will promptly seek amendment of its Counterclaim if and

23 when it is determined that Brilliant infringes one or more claims of the '610 patent.

24      44.    GuideTech admits that a substantial controversy exists between GuideTech and

25 Brilliant as to whether Brilliant infringes any claim of the '610 patent.  GuideTech denies the

26 remaining allegations of paragraph 44.

27      45.    Denied.

28

1

**ADDITIONAL PARTY**

2    46.    GuideTech admits that Ronen Sigura is an owner and principal of GuideTech and

3    that Mr. Sigura resides in this judicial district.  GuideTech denies the remaining allegations of

4    paragraph 46.

5

**JURISDICTION AND VENUE**

6    47.    GuideTech asserts that it need not respond to the allegations of paragraph 47

7    because they are directed at Mr. Sigura in his individual capacity and not at GuideTech.

8    GuideTech, on that basis, denies the allegations of paragraph 47.

9

**COUNT VIII**

10    48.    GuideTech admits that Mr. Ron Sigura has been introduced to GuideTech or Guide

11    Technology, Inc.'s customers or potential customers as a "co-founder" of Guide Technology, Inc.

12    in the sense that he was instrumental in making Guide Technology a successful company,

13    especially in the semiconductor market, during the time that Mr. Sigura was employed at Guide

14    Technology, Inc.  GuideTech further admits that other representatives of Guide Technology have

15    represented to potential customers or customers that Mr. Sigura was a co-founder of Guide

16    Technology.  GuideTech further admits that GuideTech representatives have told customers or

17    potential customers that if Brilliant's accused products are found to infringe one or more claims of

18    the patents-in-suit, GuideTech will do everything in its power to protect and enforce its intellectual

19    property rights including but not limited to seeking a permanent injunction against Brilliant and

20    potentially against anyone using an infringing Brilliant product.  GuideTech further admits that it

21    and its consultants have done a thorough analysis of Brilliant's accused products based on

22    information reasonably available to GuideTech and have concluded that Brilliant has infringed and

23    continues to infringe, either literally or under the doctrine of equivalents, one or more claims of

24    each of the three asserted patents.  GuideTech further admits that on or around December 21,

25    2009, GuideTech published on its website a press release stating, among other things, to the

26    general public including current or potential GuideTech customers:

27    On December 14, 2009, GuideTech LLC filed claims for patent
      infringement against Brilliant Instruments, Inc. in the Federal District
28    Court for the District of Northern California. GuideTech asserts in the

GUIDETECH'S ANSWER TO BRILLIANT INSTRUMENTS, INC.'S FIRST AMENDED COMPLAINT
Case No. - C09-05517 (CW)

townsend.

1    filing that Brilliant's time interval analyzer products, including Brilliant's
     BI200 product, infringes multiple GuideTech patents.
2

3    GuideTech claims that Brilliant has had knowledge of GuideTech's
     patents yet has willfully infringed, and continues to willfully infringe, the
4    patents by making, using, selling and offering to sell the accused products.
     GuideTech seeks a permanent injunction to halt the further sale of
5    infringing products, as well as damages, attorneys' fees and costs of suit.

6
     GuideTech's President, Oren Rajuan, said: "GuideTech takes its
7    technology and intellectual property very seriously. We will take
     appropriate measures to make sure our competitors do not interfere with
8    our patent rights."

9    The action was filed in response to Brilliant's contention that it does not
     infringe GuideTech's patents. Brilliant does not contend that the patents
10   are invalid or unenforceable. Brilliant has not asserted any patent
     infringement claims against GuideTech.
11

12   Additionally, GuideTech is without sufficient information or belief to admit or deny the

13   allegations of paragraph 48 stating that Ron Sigura or GuideTech representatives have made one

14   or more of the above statements to "one or more of plaintiff's customers with whom plaintiff has

15   contractual relations and/or prospective customers with whom plaintiff has a present relationship

16   and an expectation of future contractual relations," and on that basis, denies such allegations.

17   GuideTech denies the remaining allegations of paragraph 48.

18        49.    GuideTech admits that Mr. Ron Sigura is not an electrical engineer.  GuideTech

19   further admits that Shalom Kattan founded Guide Technology in 1988.  GuideTech further admits

20   that Mr. Sigura worked at Guide Technology from 1995 to 2000.  GuideTech further admits that

21   Mr. Sigura obtained rights in the assets of Guide Technology in approximately 2008 and was

22   aware that Mr. Kattan founded Guide Technology.  GuideTech further admits that Mr. Kattan has

23   told representatives of GuideTech and others that he does not infringe the patents-in-suit and that

24   he does not care about GuideTech's intellectual property.  GuideTech denies the remaining

25   allegations of paragraph 49.

26        50.    Denied.

27        51.    Denied.

28        52.    Denied.

townsend.

GUIDETECH'S ANSWER TO BRILLIANT INSTRUMENTS, INC.'S FIRST AMENDED COMPLAINT
Case No. - C09-05517 (CW)

1       53.     GuideTech is without sufficient information or belief to admit or deny the

2  allegations of paragraph 51, and on that basis, denies them.

3       54.     Denied.

4       55.     Denied.

5       56.     Denied.

6       57.     Denied.

7       58.     Denied.

8                             **COUNT IX**

9       59.     GuideTech hereby realleges and incorporates by reference its answers to the

10  allegations of paragraphs 1 through 58 as set forth above.

11       60.     Denied.

12       61.     Denied.

13                               **COUNT X**

14       62.     GuideTech hereby realleges and incorporates by reference its answers to the

15  allegations of paragraphs 1 through 61 as set forth above.

16       63.     Denied.

17       64.     Denied.

18                         **PRAYER FOR RELIEF**

19     In response to Brilliant's Prayer for Relief, GuideTech denies that Brilliant is entitled to

20  relief of any kind.

21                      **AFFIRMATIVE DEFENSES**

22                   **First Affirmative Defense**

23     Brilliant has failed to plead claims with sufficient specificity as required under Fed. R. Civ.

24  P. 9(b).  For example, Count X fails to identify the specific customers whom Sigura and

25  GuideTech allegedly contacted.

26                  **Second Affirmative Defense**

27     Brilliant has failed to state a claim upon which relief may be granted.  For example,

28  Brilliant has failed to state a claim for relief under Count X because an alleged violation of federal

1    patent law cannot serve as the basis for a claim under Cal. Bus. & Prof. Code §§ *et seq.*

2                              **Third Affirmative Defense**

3          Brilliant's claims are barred by the statute of limitations under, at a minimum, Cal. Code

4    Civ. P. § 339.

5                              **DEMAND FOR JURY TRIAL**

6          GuideTech hereby demands a jury trial as to all issues triable to a jury.

7

8

9    DATED:  June 28, 2010              Respectfully submitted,

10                                      TOWNSEND AND TOWNSEND AND CREW LLP

11                                      By:  */s/ Robert J. Artuz*
                                          _____

12                                         Attorneys for Defendant, Counterclaimant, and
                                           Counterdefendant, GUIDETECH, LLC
13

14   62736424 v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28