IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRILLIANT INSTRUMENTS, INC.,

    Plaintiff,

  v.

GUIDETECH, INC.,

    Defendant.
_____/

AND ALL RELATED COUNTERCLAIMS
_____/

No. C 09-5517 CW

ORDER GRANTING GUIDETECH, INC.'S MOTION TO STRIKE (Docket No. 77)

    Defendant and Counterclaimant GuideTech, LLC,[1] moves to strike references contained in the report of Plaintiff and Counterclaim-Defendant Brilliant Instruments, Inc.'s expert Martin E. Kaliski, Ph.D. Brilliant opposes the motion. The motion will be taken under submission on the papers. Having considered all the papers submitted by the parties, the Court GRANTS GuideTech's motion to strike.

BACKGROUND

    Brilliant seeks a declaration that its products do not

---

[1] GuideTech, LLC, was apparently erroneously sued as GuideTech, Inc.

infringe GuideTech's United States Patent Nos. 6,091,671 ('671 patent); 6,181,649 ('649 patent); 6,226,231 ('231 patent); 6,456,959 ('959 patent); 6,621,767 ('767 patent); 6,999,382 ('382 patent); and 7,203,610 ('610 patent).  GuideTech answered Brilliant's complaint and counterclaimed for infringement of the '671, '649 and '231 patents.  GuideTech maintains that Brilliant's infringement has been and continues to be willful.  In response to GuideTech's infringement claims, Brilliant counterclaimed for invalidity of the '671, '649 and '231 patents.

GuideTech moves to strike the following prior art references contained in Dr. Kaliski's report on invalidity:

U.S. Patent 4,792,932 ('932 patent)

U.S. Patent 4,362,955 ('955 patent)

DTS 2070/2075 Block Diagram

<u>DTS-2070 User's Guide and Reference Manual</u>, Rev B (1994-2000)

<u>HP 5335A Universal Frequency Counter Temporary Operating & Service Manual</u> (October 1, 1980)

<u>The Fundamentals of Time Interval Measurements</u>, Application Note 200-3 (1997)

<u>The Fundamentals of Electronic Counters</u>, Application Note 200 (1997)

<u>HP 5372A Frequency and Time Interval Analyzer Operating Manual</u> (1995)

<u>HP 5372A Service Manual</u> (1990)

Chapter 19 of <u>The Electronic Instrument Handbook, Second Edition</u>, Clyde F. Coombs, Jr. (1994)

<u>A High-Precision Time-to-Digital Converter for Pulsed Time-of-Flight Laser Radar Application</u>, Kari Maatta and Juha Kostamovaara (1998)

Brilliant does not dispute that it did not identify these references in its Invalidity Contentions, which were served on June

17, 2010. It asserts, however, that it discovered the '932 patent on December 23, 2010 and the '955 patent on January 27, 2011. Dr. Kaliski referred to these patents and the other above-mentioned materials in his expert report, which Brilliant served on January 28, 2011.

## DISCUSSION

GuideTech asks that the above-mentioned references contained in Dr. Kaliski's report be stricken because they were not identified as relevant prior art in Brilliant's Invalidity Contentions.

Under Patent L.R. 3-3(a), a party's invalidity contentions must contain information on the "identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Amendments to infringement contentions may "be made only by order of the Court upon a timely showing of good cause," which may include "recent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6. Good cause under the Patent Local Rules "requires a showing of diligence." O2 Micro Int'l v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006). The burden is on the party amending its contentions "to establish diligence rather than on the opposing party to establish a lack of diligence." Id.

Despite GuideTech's objections to the above-mentioned references, Brilliant has not moved to amend its Invalidity Contentions.[2] Even if it had, it has not demonstrated good cause

---

[2] In its opposition, filed February 24, 2011, Brilliant states that it will seek leave to amend its Invalidity Contentions "to
(continued...)

3

to amend them. Brilliant indicates only when it discovered the '932 and the '955 patents, both of which are expired patents that were publicly available at the time Brilliant served its Invalidity Contentions. Because Brilliant did not identify these patents as relevant prior art in its Invalidity Contentions, Dr. Kaliski may not use them as prior art to demonstrate invalidity. Accordingly, Dr. Kaliski's report is stricken to the extent that he relies on the '932 and '955 patents as prior art that allegedly anticipates the claims asserted in this action or renders such claims obvious.

Brilliant maintains that the references other than the '932 and '955 patents are not items of prior art that allegedly anticipate the asserted claims or render these claims obvious. Instead, Brilliant asserts, these references "are relevant to the general knowledge of the person of ordinary skill in the art . . . and the prior art solutions to the types of problems encountered in the art." Opp'n 5:4-7. Brilliant further argues that these other references are relevant to claim construction. Because Brilliant asserts that it is not using these other references as invalidating prior art, they are stricken from Dr. Kaliski's report to the extent that he relies on them as prior art that allegedly anticipates the claims asserted in this action or renders such claims obvious. However, Dr. Kaliski may rely on these other references for other purposes.

---

[2](...continued)
include the '955 patent, and will either seek leave to include the '932 patent and add it to the appropriate claim chart(s), or will stipulate to withdraw it from the Kaliski invalidity report as cumulative." Opp'n 3:24-26. However, Brilliant has not so moved.

4

CONCLUSION

For the foregoing reasons, the Court GRANTS GuideTech's motion to strike. (Docket No. 77.) The above-mentioned references are stricken from Dr. Kaliski's report to the extent that he relies on them as prior art that allegedly anticipates the claims asserted in this action or renders such claims obvious.

IT IS SO ORDERED.

Dated: 3/15/2011

CLAUDIA WILKEN
United States District Judge