IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRILLIANT INSTRUMENTS, INC.,

    Plaintiff,

  v.

GUIDETECH, INC., and RONEN SIGURA,

    Defendants.
_____/

AND ALL RELATED COUNTERCLAIMS
_____/

No. C 09-5517 CW

ORDER DENYING BRILILANT INSTRUMENTS, INC.'S MOTION TO AMEND PRELIMINARY INVALIDITY CONTENTIONS AND ADMINISTRATIVE REQUEST FOR LEAVE TO FILE DAUBERT MOTION BEYOND THE APRIL 1 DEADLINE
(Docket Nos. 86 and 113)

    Plaintiff and Counterclaim-Defendant Brilliant Instruments, Inc., moves for leave to amend its invalidity contentions and for leave to file a Daubert motion after the April 1, 2011 deadline. Defendant and Counterclaimant GuideTech, LLC,[1] opposes the motions. The motions were taken under submission on the papers. Having considered the papers submitted by the parties, the Court DENIES Brilliant's motion for leave to amend its invalidity contentions and administrative motion to file its Daubert motion after the April 1 deadline.

BACKGROUND

    Brilliant seeks a declaration that its products do not infringe GuideTech's United States Patent Nos. 6,091,671 ('671 patent); 6,181,649 ('649 patent); 6,226,231 ('231 patent); 6,456,959 ('959 patent); 6,621,767 ('767 patent); 6,999,382 ('382

---

[1] GuideTech, LLC, was apparently erroneously sued as GuideTech, Inc.

patent); and 7,203,610 ('610 patent). GuideTech answered Brilliant's complaint and counterclaimed for infringement of the '671, '649 and '231 patents. GuideTech maintains that Brilliant's infringement has been and continues to be willful. In response to GuideTech's infringement claims, Brilliant counterclaimed for invalidity of the '671, '649 and '231 patents.

At his March 3, 2011 deposition, GuideTech's infringement expert Dr. Burnell G. West discussed a product called the "ITS9000" and U.S. Patent No. 6,081,484 ('484 patent), for which he was named the inventor. The '484 patent is for an invention that "relates to measuring signals in a tester system." '484 patent, 1:5-6. The patent refers to the ITS 9000, stating that "a prior art timing measurement unit (TMU) is used in a tester system, such as the ITS 90000GX system made by Schlumberger Technologies, Inc."[2] Id. at 1:10-12.

At the deposition, Brilliant's counsel asked West whether Figure 4B in the '484 patent, which was labeled "PRIOR ART," showed elements contained in Claim 1 of the '671 patent. West responded that it did. Behiel Decl., Ex. 1, at 259:11-262:7.

In its proposed amended invalidity contentions, Brilliant includes charts that compare elements of claims in the '671 and '231 patents with information it purportedly gleaned from West's deposition. See generally Behiel Decl., Ex. 10, at 40-41 and 50. With respect to the '671 patent, Brilliant cites West's testimony regarding Figure 4B of the '484 patent. Id. at 40-41. As for its

---

[2] GuideTech maintains that the reference to the Schlumberger "ITS 90000GX" in fact relates to the ITS9000. Brilliant does not dispute this. Reply 7:13-15.

2

proposed contentions regarding the '231 patent, Brilliant states that "Dr. West testified that all claims in the '231 patent are anticipated by U.S. Patent No. 6,081,484." Id. at 50.

The parties' April 27, 2010 Joint Case Management Statement listed April 1, 2011 as the deadline for filing Daubert motions. The Court adopted this deadline in its May 4, 2010 Case Management Order.

## DISCUSSION

I.   Brilliant's Motion to Amend

Under Patent L.R. 3-3(a), a party's invalidity contentions must contain information on the "identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious." Amendments to infringement contentions may "be made only by order of the Court upon a timely showing of good cause," which may include "recent discovery of material, prior art despite earlier diligent search." Patent L.R. 3-6. Good cause under the Patent Local Rules "requires a showing of diligence." O2 Micro Int'l v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006). The burden is on the party amending its contentions "to establish diligence rather than on the opposing party to establish a lack of diligence." Id.

Brilliant seeks leave to amend its invalidity contentions to refer to the "ITS9000," which Brilliant maintains is prior art that anticipates the patents it claims are invalid. Brilliant maintains that it did not learn about the relevance of this product until West discussed at his March 3, 2011 deposition. Brilliant points to West's testimony that, at one time, the ITS9000 was a trade secret. Brilliant maintains that, upon discovering information

3

about the ITS9000, it diligently sought leave to amend its contentions, filing the current motion on March 16, 2011.

Brilliant's argument, however, is vitiated by the publicly available '484 patent, which Brilliant knew of and believed to be "relevant prior art" in June 2010. See Reply at 8 n.3. As noted above, the '484 patent refers to the ITS9000 as underlying prior art, putting Brilliant on notice of that product. Indeed, the portion of West's testimony on which Brilliant relies for its current motion pertains to what is shown in Figure 4B of the '484 patent. See Behiel Decl., Ex. 1, at 259:2-4. That Figure 4B may represent the ITS9000 without saying so does not support Brilliant's position. Figure 4B is labeled "PRIOR ART." See also '484 patent, 4:26. To be diligent, Brilliant should have investigated this prior art. It did not do so.

Brilliant's proposed amended contentions concerning the '231 patent further demonstrate its lack of diligence. Those proposed contentions state, "Dr. West testified that all claims in the '231 patent are anticipated by U.S. Patent No. 6,081,484." See Behiel Decl., Ex. 10, at 50. Brilliant maintains that West relied on "secret aspects of the ITS9000" for this purported testimony. Mot. at 7. However, Brilliant does not identify any material characteristics of the ITS9000 not disclosed in the '484 patent.[3] Further, Brilliant did not need West's testimony to know that the '484 patent was relevant. As noted above, it knew in June 2010

---

[3] Indeed, Brilliant acknowledges that many elements of the ITS9000 were at issue "in a patent application filed 10/14/1997" and that this application ripened into the '484 patent. Mot. at 6 n.3. However, Brilliant does not identify elements not disclosed in that application or the '484 patent that are relevant to its claims of invalidity.

4

that the patent constituted relevant prior art.

Accordingly, the Court denies Brilliant's motion for leave to amend its contentions based on the ITS9000.

## II. Administrative Motion for Leave to File Brilliant's <u>Daubert</u> Motion Beyond the April 1 Deadline

Brilliant seeks leave to file a <u>Daubert</u> motion challenging West's expert report and testimony. As noted above, the deadline to file <u>Daubert</u> motions was April 1, 2011.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992); <u>see also</u> <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000).

Brilliant asserts that it was not "reasonably feasible" to complete the <u>Daubert</u> motion by the deadline because West's deposition was March 3 and it was busy preparing its opening claim construction brief, motion for summary judgment and motion to amend its infringement contentions. Administrative Mot. at 2. This argument does not establish good cause. Brilliant knew of the <u>Daubert</u> motion deadline for almost a year. And after that deadline passed, Brilliant waited two weeks before seeking leave to file a belated motion. Finally, although it points to West's testimony on March 3, Brilliant was served with West's expert report on January 28, 2011. <u>See</u> Case Management Order (Docket No. 29). Under these circumstances, Brilliant has not demonstrated its diligence.

Accordingly, Brilliant's administrative motion is denied.

5

CONCLUSION

For the foregoing reasons, the Court DENIES Brilliant's motion for leave to amend (Docket No. 86) and administrative motion for leave to file its <u>Daubert</u> motion after the deadline (Docket No. 113).

IT IS SO ORDERED.

Dated:   4/29/2011

CLAUDIA WILKEN
United States District Judge