1  Thomas W. Lathram (State Bar No. 59639)
   Tom@SiliconEdgeLaw.com
2  Arthur J. Behiel (State Bar No. 172165)
   Art@SiliconEdgeLaw.com
3  Steve P. Hassid (State Bar No. 219913)
   Steve@SiliconEdgeLaw.com
4  SILICON EDGE LAW GROUP LLP
   6601 Koll Center Parkway, Suite 245
5  Pleasanton, CA 94566
   Telephone:  (925) 621-2110
6  Facsimile:  (925) 621-2119

7  Attorneys for Plaintiff, Counterdefendant
   and Counterclaimant
8  BRILLIANT INSTRUMENTS, INC.

9
10                          UNITED STATES DISTRICT COURT
11                         NORTHERN DISTRICT OF CALIFORNIA
12                                OAKLAND DIVISION

13  BRILLIANT INSTRUMENTS, INC.          Civil No. C09-05517 CW (JCS)

14              Plaintiff,               **STIPULATION RE CONSOLIDATION OF
                                         BUSINESS TORT CLAIMS AND
15        v.                             STATEMENTS OF THE PARTIES RE
                                         RELATED MATTERS**
16  GUIDETECH, INC., and
    RONEN SIGURA, an individual,
17
                Defendants.
18

19  and Related Counterclaims

20

21        Plaintiff, Counterdefendant and Counterclaimant Brilliant Instruments, Inc. ("Brilliant"),

22  Defendant, Counterclaimant and Counterdefendant GuideTech, LLC ("GuideTech"), and

23  Defendant Ronen Sigura ("Sigura") hereby submit their Stipulation Re Consolidation of Business

24  Tort Claims and Statements of the Parties re Related Matters.

25
26
27
28

STIPULATION AND STATEMENTS OF POSITONS                          Case No. C09-05517 CW (JCS)

**STIPULATION RE CONSOLIDATION OF BUSINESS TORT CLAIMS**

### A.  Procedural History

On November 20, 2009, Brilliant filed its Complaint for Declaratory Judgment against GuideTech herein (Dkt. 1), seeking a declaratory judgment of noninfringement of seven patents-in-suit.

On December 14, 2009, GuideTech filed GuideTech LLC's Answer to Complaint for Declaratory Judgment and Counterclaim (Dkt. 5).  GuideTech's Counterclaim asserted infringement of three of the patents-in-suit ("Asserted Patents").

On April 7, 2010, Brilliant filed Brilliant Instruments, Inc.'s Answer to GuideTech LLC's Counterclaim and Brilliant Instruments, Inc.'s Counterclaim for Declaratory Judgment of Invalidity (Dkt. 18), by which Brilliant alleged that the Asserted Patents are invalid.

On May 5, 2010, GuideTech filed GuideTech, LLC's Answer to Brilliant Instruments, Inc.'s Counterclaim (Dkt. 28), by which it asserted assignor estoppel as an affirmative defense to the invalidity counterclaim.

On June 3, 2010, Brilliant filed its First Amended Complaint (Dkt. 35), by which it added Sigura as a defendant and asserted business tort claims against GuideTech and Sigura.

On June 28, 2010, GuideTech filed GuideTech LLC's Answer to Brilliant Instruments, Inc.'s First Amended Complaint (Dkt. 39), and on July 6, 2010, Sigura filed Ronen Sigura's Answer to Brilliant Instruments, Inc.'s First Amended Complaint (Dkt. 40).

On November 12, 2010, GuideTech filed its Complaint for: (1) Intentional Interference With Prospective Economic Advantage; (2) Negligent Interference With Prospective Economic Advantage; (3) Slander; and (4) Breach of Written Contract against Brilliant and Kattan in Santa Clara County Superior Court, Case No. 1-10-CV-187147 ("State Court Action").

On December 8, 2010, GuideTech filed its First Amended Complaint for:  (1) Intentional Interference with Prospective Economic Advantage; (2) Negligent Interference with Prospective Economic Advantage; (3) Slander; and (4) Breach of Written Contract against Brilliant and Shalom Kattan ("Kattan") in the State Court Action ("First Amended Complaint").

1   On December 13, 2010, Brilliant filed its Notice of Removal (Dkt. 1 in USDC, NCal Civil
2   Action No. CV 10-05669 (PSG) ("Removed Action")), by which it removed the State Court
3   Action to the U.S. District Court for the Northern District of California.

4   On January 18, 2011, this Court entered its Related Case Order (Dkt. 9 in the Removed
5   Action), by which it determined that the instant action and the Removed Action were related
6   cases.

7   On March 8, 2011, this Court entered its Order Granting Plaintiff's Motion to Remand and
8   Request for Attorneys' Fees (Docket No. 4), (Dkt. 16), by which it remanded the Removed Case
9   back to Santa Clara County Superior Court.

10   On May 24, 2011, Brilliant filed Defendant Brilliant Instruments, Inc.'s Notice of Motion,
11   and Motion for Leave to File Cross-Complaint in the State Court Action, by which it seeks leave
12   to assert its business tort claims asserted in the instant action against GuideTech and Sigura in the
13   State Court Action, thereby consolidating the respective business tort claims of both parties in the
14   State Court Action. If the motion is granted, Brilliant will seek leave of this Court to dismiss
15   Brilliant's business tort claims in the instant action without prejudice.

16   GuideTech opposes Brilliant's motion for leave to file a cross-complaint in the State Court
17   Action. The motion is scheduled for hearing on June 30, 2011.

18   No discovery has been taken by any of the parties in the State Court Action.

19   **B.** **Stipulation**

20   For purposes of efficiency and judicial economy, Brilliant, GuideTech and Sigura agree
21   that the business tort claims of the parties should be consolidated in either the instant case or in the
22   State Court Action, depending on the Court's ruling on Brilliant's motion for summary judgment
23   of noninfringement.

24   **1**.   **Consolidation in Federal Court (Summary Judgment Denied)**

25   If the Court denies Brilliant's motion for summary judgment of noninfringement, thereby
26   leaving patent issues to be resolved before this Court, then the business tort claims should be
27   consolidated in the instant action, and Brilliant, GuideTech and Sigura hereby stipulate and agree

28

that in the event that the Court enters such an order denying Brilliant's motion for summary judgment of noninfringement:

Within 7 days after entry of the order, GuideTech will consolidate its business tort claims asserted in the State Court Action into the instant action by filing an Amended Answer and Counterclaim herein, asserting the claims alleged in the First Amended Complaint in the State Court Action against Brilliant and Kattan.

Upon GuideTech's filing of its Amended Answer and Counterclaim herein, Brilliant, and GuideTech will promptly take all steps necessary to accomplish the dismissal without prejudice of the State Court Action so that all business tort claims of the parties are consolidated in the instant action.

Discovery by GuideTech and Sigura directed to Brilliant and Kattan, and discovery by Brilliant and Kattan directed to GuideTech and Sigura, will be required pertaining to the business tort claims of the respective parties, although the parties disagree as to the extent of discovery that should be permitted (*see,* Statements of the Positions of the Parties, below), and therefore the trial herein which is currently scheduled for September 12, 2011, shall be rescheduled for January 16, 2012, or such other date as the Court deems appropriate.

## 2.   Consolidation in State Court (Summary Judgment Granted)

If the Court grants Brilliant's motion for summary judgment of noninfringement, thereby rendering the patent invalidity issues moot and all patent issues fully resolved, then the business tort claims should be consolidated in the State Court Action, and Brilliant, GuideTech and Sigura hereby stipulate and agree that in the event that the Court enters such an order granting Brilliant's motion for summary judgment of noninfringement:

Brilliant, GuideTech and Sigura will promptly take all steps necessary to accomplish the consolidation of the parties' business tort claims in the State Court Action, including all steps necessary to accomplish the filing by Brilliant of a cross-complaint in the State Court Action if not already filed.

Upon the filing of Brilliant's cross-complaint in the State Court Action, or upon the entry of this Court's order granting summary judgment of noninfringement if Brilliant's cross-complaint

1  has already been filed in the State Court Action, Brilliant will seek leave of this Court to dismiss
2  its business tort claims herein without prejudice.
3      Discovery by GuideTech and Sigura directed to Brilliant and Kattan, and discovery by
4  Brilliant and Kattan directed to GuideTech and Sigura, will be required pertaining to the business
5  tort claims of the respective parties, although the parties disagree as to the extent of discovery that
6  should be permitted (*see,* Statements of the Positions of the Parties, below).
7      This Stipulation re Consolidation of Business Tort Claims and Statements of the Parties re
8  Related Matters may be presented to the court in the State Court Action to demonstrate the parties'
9  stipulation and agreement to consolidate the parties' business tort claims.
10
11     IT IS SO STIPULATED.
12
13 SILICON EDGE LAW GROUP LLP      KILPATRICK TOWNSEND & STOCKTON LLP
14 By: _____/s/ Thomas W. Lathram_____      By: _____/s/ Theodore T. Herhold_____
       Thomas W. Lathram      Theodore T. Herhold
15
16 Attorneys for Brilliant Instruments, Inc.      Attorneys for GuideTech LLC and Ronen Sigura
17 Dated: __June 29, 2011___      Dated: ____June 29, 2011_____
18
19
20
21
22
23
24
25
26
27
28

**II.   STATEMENTS OF POSITIONS OF THE
PARTIES RE RELATED MATTERS**

**A.   Brilliant's Statement of Position re Related Matters**

**1.   Discovery**

If the Court decides to act on the stipulation set forth herein and consolidate the business tort claims in this Court, then Brilliant respectfully submits that Brilliant is entitled to discovery on all of the business tort claims, both Brilliant's and those asserted by GuideTech. GuideTech has advised Brilliant that it intends to argue that Brilliant's discovery should be limited because the discovery cutoff on the claims asserted in Brilliant's First Amended Complaint has passed. Nevertheless, Brilliant requests that its discovery on the business tort claims not be restricted, for the following reasons.

1.   The same argument that GuideTech asserts against Brilliant would apply to GuideTech's allegations in the Counterclaim – GuideTech should not be entitled to further discovery because the discovery cutoff in this case has passed. Indeed, an argument can be made that GuideTech should not be entitled to <u>any</u> discovery because the deadline for asserting business tort claims in this case, as set by the Court's Minute Order and Case Management Order (Dkt. 2) was May 19, 2010, and GuideTech did not assert any claims by the deadline. GuideTech's assertion of claims in state court and then stipulation to move them to this Court is actually an end run around the deadline set in the Court's Order.

2.   The overlap between the issues relating to GuideTech's business tort claims and Brilliant's claims means that implementation of restrictions on certain of Brilliant's discovery would be impractical. Identifying the specific issues as to which a particular discovery request is directed, and attempting to parse discovery requests as relating to Brilliant as opposed to GuideTech claim issues would be exceedingly difficult. Brilliant is concerned that such restrictions would be used to create further burden, confusion and expense. For example, Brilliant envisions, based on GuideTech's conduct in this case, that GuideTech would object to interrogatories, or document requests, or questions at deposition, on the grounds all or a portion of

STIPULATION AND STATEMENTS OF POSITIONS                     Case No. C09-05517 CW (JCS)

1

the information sought is foreclosed by a discovery restriction, thereby forcing Brilliant to file multiple motions to compel discovery.

3. On the other hand, the burden of full as opposed to partially restricted discovery would be *de minimis* because the claims overlap, the parties are both small companies with a limited number of employees and documents, and the customers and potential customers are essentially the same. Therefore, any attempt to enforce partial restrictions on discovery would create far more of a burden than simply allowing discovery to take place.

4. GuideTech's business tort claims are asserted against both Brilliant and its principal, Shalom Kattan. Mr. Kattan was not previously a party to the instant action and his discovery rights should not be restricted for any reason relating to the discovery cutoff in this action. Attempting to impose restrictions on Brilliant's discovery that would not apply to Mr. Kattan is impractical.

5. Circumstances have changed in the intervening period since the discovery cutoff in this case. For example, Sigura has fired his co-partner, Mr. Oren Rajuan, who was an equal owner with Sigura and was the president and only full time engineer employed at GuideTech. Moreover, Sigura has caused GuideTech to file litigation against Mr. Rajuan in Santa Clara County Superior Court, Case No. 1-11-CV-201220, and the issues in that case appear to relate to ownership of GuideTech. For example, Sigura has apparently asserted that he is entitled to obtain all of Mr. Rajuan's interest in GuideTech for one dollar ($1.00), which Sigura has purportedly tendered to Mr. Rajuan. The documents filed in that case also indicate that Mr. Rajuan has asserted that he was "forced" by Mr. Sigura to give false testimony in "a crucial pending patent litigation." Mr. Rujuan testified in the instant case, and Brilliant is not aware of any other patent litigation in which GuideTech is involved.

6. GuideTech filed its state court action before the discovery cutoff in this case and Brilliant knew that it would be entitled to discovery in that action in any event.

## 2. **Jury Trial**

Brilliant agrees to waive a jury trial as to all issues so triable herein. GuideTech has indicated that it does not agree to waive a jury trial at this time.

### B.   GuideTech's and Sigura's Statement

GuideTech maintains that only discovery pertaining to GuideTech's business tort claims against Brilliant and Kattan should be permitted, whether or not the parties' respective business tort claims are consolidated in this action or in the State Court Action.  Brilliant has already had a full and fair opportunity to conduct discovery with respect to its business tort claims against GuideTech and Sigura in the Federal action and the discovery cut-off has passed.  To permit Brilliant to re-open discovery on its claims would be to give it a second bite at the apple.  Certainly, there are factual and legal issues that overlap between the parties' respective business tort claims.  However, GuideTech maintains that should a dispute arise regarding whether discovery pertains to GuideTech's claims or Brilliant's claims, the issue can and should be submitted to the Court for resolution.

| | |
|---|---|
| SILICON EDGE LAW GROUP LLP | KILPATRICK TOWNSEND & STOCKTON LLP |
| By: _____*/s/ Thomas W. Lathram*_____  <br>        Thomas W. Lathram | By: _____*/s/ Theodore T. Herhold*___  <br>        Theodore T. Herhold or Robert Artuz |
| Attorneys for Plaintiff, Counterdefendant and Counterclaimant Brilliant Instruments, Inc. | Attorneys for Defendant, Counterclaimant and Counterdefendant GuideTech LLC, and Defendant Ronen Sigura |
| Dated: ____June 29, 2011____ | Dated: _____June 29, 2011_____ |