IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRILLIANT INSTRUMENTS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>GUIDETECH, INC.,<br><br>    Defendant.<br><br>AND ALL RELATED COUNTERCLAIMS | No. C 09-5517 CW<br><br>ORDER DENYING BRILLIANT'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS |

Plaintiff and Counterclaim-Defendant Brilliant Instruments, Inc. moves for an award of attorneys' fees pursuant to 28 U.S.C. § 285, and an award of expert witness fees pursuant to the Court's inherent authority. Defendant and Counter-Claimant GuideTech LLC, formerly GuideTech Inc., opposes the motion. For the reasons set forth below, Brilliant's motion is denied.

BACKGROUND

In 1998, Shalom Kattan founded Guide Technology, Inc., the predecessor entity to GuideTech. Kattan invented the technology claimed by the patents-in-suit, which he assigned to Guide Technology. In 2004, Kattan left his employment with Guide Technology, but remained on its board of directors. That same year, Kattan established Brilliant. In 2005, Kattan left his position on Guide Technology's board. On May 23, 2008, Guide Technology sold its assets, which included the patents-in-suit, to Ronen Sigura, who founded GuideTech.

Brilliant filed this declaratory relief action on November 20, 2009, alleging that its accused products, such as the BI200 and BI220, do not infringe GuideTech's U.S. Patent Nos. 6,091,671 ('671 patent); 6,181,649 ('649 patent); 6,226,231 ('231 patent); 6,456,959; 6,621,767; 6,999,382; and 7,203,610. The patents-in-suit concern time interval analyzers, which are testing instruments used in the semiconductor industry to detect timing errors in integrated circuits. On December 14, 2009, GuideTech filed its answer and counterclaim, asserting that Brilliant's products infringe the '671, '649 and '231 patents. Brilliant filed a motion to strike the background section of GuideTech's counterclaim, which the Court denied by order entered March 24, 2010. On April 7, 2010, Brilliant filed an answer to GuideTech's counterclaim and a counterclaim for a declaratory judgment of invalidity of the asserted patents. On June 3, 2010, Brilliant amended its complaint to add GuideTech's president, Ronen Sigura, as a Defendant, charging him with intentional interference with prospective economic advantage, intentional interference with contractual relations and violation of California's Unfair Competition Law, Cal. Bus. Code §§ 17200, et seq.

On November 12, 2010, GuideTech filed a complaint in Santa Clara County Superior Court alleging claims for tortious interference with prospective economic advantage and slander against Brilliant and Kattan and breach of contract against Kattan. GuideTech filed an amended complaint on December 8, 2010. On December 13, 2010, Brilliant removed the state court action, and it was related to the instant action by order entered January 18, 2011. See GuideTech LLC v. Brilliant Instruments, Inc., et

2

al., Case No. C10-5669 CW. GuideTech filed a motion to remand, which the Court granted by order entered March 14, 2011. The Court also granted GuideTech's motion for attorneys' fees incurred as a result of the improper removal.

The Court referred the case to a Magistrate Judge for resolution of all discovery disputes. The Magistrate Judge held discovery hearings on January 11, 2011, to resolve Brilliant's motion to compel production of documents, and on January 13, 2011, to resolve the parties' dispute over GuideTech's objections to questions posed by Brilliant at the deposition of Oren Rajuan, GuideTech's president. On the last day to file discovery motions, January 28, 2011, Brilliant filed a motion to compel concerning the parties' dispute over GuideTech's privilege-based objections, then withdrew the motion on February 25, 2011.

On December 30, 2010, GuideTech filed a motion for leave to amend its infringement contentions, which the Court granted by order entered January 3, 2011. On February 10, 2011, GuideTech moved to strike prior art references from Brilliant's expert report on the ground that they were not disclosed in Brilliant's invalidity contentions. On March 15, 2011, the Court granted GuideTech's motion to strike references from Dr. Kaliski's report to the extent that they were relied upon as prior art that allegedly anticipated the claims asserted in this action or rendered such claims obvious. Docket no. 85.

On March 16, 2011, Brilliant filed a motion to amend its preliminary invalidity contentions to add a prior art reference. Brilliant also filed a motion for leave to file a Daubert motion to exclude the reports and testimony of GuideTech's expert

3

witness, Dr. West, on April 16, 2011, fifteen days after the deadline adopted by the Court. The Court denied both motions by order entered April 29, 2011.

The parties sought the Court's construction of the disputed claim terms used in the '671, '649 and '231 patents. Brilliant also moved for summary judgment of non-infringement of the patents-in-suit. GuideTech filed a motion for summary adjudication on the equitable issue of assignor estoppel.

By order entered August 11, 2011, the Court construed the disputed claim terms, granted Brilliant's motion for summary judgment of non-infringement, and denied as moot GuideTech's motion for summary adjudication on the issue of assignor estoppel. Docket no. 137.

On August 16, 2011, the parties stipulated to dismissal of Brilliant's state law claims in this action without prejudice and agreed to consolidate their state law claims in the action in Santa Clara County Superior Court. Docket no. 139.

On September 20, 2011, Brilliant filed the instant motion for attorneys' fees. GuideTech opposes the motion, which is fully briefed and submitted on the papers. On October 4, 2011, GuideTech filed an appeal to the Federal Circuit from the order and judgment entered by the Court in favor of Brilliant. The appeal is currently pending.

DISCUSSION

I.  Brilliant's Motion for Award of Attorneys' Fees for Exceptional Case

In patent infringement actions, courts "may award reasonable attorney fees to the prevailing party" in "exceptional cases." 35

4

U.S.C. § 285.  GuideTech does not dispute that Brilliant was the prevailing party on its non-infringement claims in this action, but contends that Brilliant is not entitled to fees related to claims on which it did not prevail.  Brilliant seeks an award of all attorneys' fees incurred in this proceeding, not only fees related to non-infringement, in the amount of $834,678.60.  Brilliant's fee request thus includes fees incurred in the removal of GuideTech's state court action, which the Court remanded, and in litigating its own business interference claims which have been dismissed from this action and consolidated in the state court action.  Reply at 2-3 and n.1.  Because the Court determines that the record does not support an exceptional case finding, it is not necessary to determine whether to award fees incurred for the entire litigation or only for part of it.  Cf. Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1553 (Fed. Cir. 1989) (recognizing that the litigation misconduct would not justify an award of attorney fees for the entire litigation and remanding § 285 award of fees to consider extent to which party actually prevailed).

    To determine whether attorneys' fees are warranted, a court undertakes a two-step process: (1) the court considers whether clear and convincing evidence supports a finding that a case is exceptional and, if so, (2) the court then decides whether it should exercise its discretion to award attorneys' fees.  Wedgetail Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1304 (Fed. Cir. 2009).  In evaluating whether a case is exceptional, a court must consider "the totality of the circumstances."

5

Yamanouchi Pharm. Co. Ltd. v. Danbury Pharmacal, Inc., 231 F.3d 1339, 1347 (Fed. Cir. 2000).

A. Exceptionality

"A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Id. (citing Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 60-61 (1993); Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329-31 (Fed. Cir. 2003)).

There is a presumption that the assertion of infringement of a duly granted patent is made in good faith. Id. (citing Springs Window Fashions LP v. Novo Industries, L.P., 323 F.3d 989, 999 (Fed. Cir. 2003)). "An infringement action 'does not become unreasonable in terms of § 285 if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith.'" iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011) (quoting Brooks Furniture, 393 F.3d at 1384). "Under this exacting standard, the [patentee's] case must have no objective foundation, and the

6

[patentee] must actually know this. Both the objective and subjective prongs of Brooks Furniture 'must be established by clear and convincing evidence.'" Id. (citing Wedgetail, 576 F.3d at 1304).

Here, Brilliant seeks an award of attorneys' fees for an exceptional case on the grounds that GuideTech failed to perform a reasonable pre-filing investigation before filing its infringement counterclaim and engaged in other litigation misconduct. As discussed below, the Court finds that Brilliant has not established by clear and convincing evidence that this case is exceptional under § 285 so as to warrant an award of attorneys' fees.

### B. Objective Baselessness and Subjective Bad Faith Requirements

Before making a discretionary determination whether to award fees pursuant to § 285, the Court must find subjective bad faith and objective baselessness to find this case exceptional. Brooks Furniture, 393 F.3d at 1381. The Federal Circuit has articulated that "[t]he objective baselessness standard for enhanced damages and attorneys' fees against a non-prevailing plaintiff under Brooks Furniture is identical to the objective recklessness standard for enhanced damages and attorneys' fees against an accused infringer for § 284 willful infringement actions under In re Seagate Technology, LLC, 497 F.3d 1360 (Fed. Cir. 2007) (en banc)." iLOR, 631 F.3d at 1377. In Seagate, the court held that "'to establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted

7

1  infringement of a valid patent. . . .  The state of mind of the
2  accused infringer is not relevant to this objective inquiry.'"
3  Id. (quoting Seagate, 497 F.3d at 1371) (emphasis added in
4  original)).  The court in iLOR stated,

> Under both Brooks Furniture and Seagate, objective
> baselessness "does not depend on the plaintiff's
> state of mind at the time the action was commenced,
> but rather requires an objective assessment of the
> merits."  [Citation omitted.]  State of mind is
> irrelevant to the objective baselessness inquiry.
> [Citations omitted.]

9  iLOR, 631 F.3d at 1377-78 (citing Brooks Furniture, 393 F.3d at
10 1382; Seagate, 497 F.3d at 1371).  A finding of objective
11 baselessness is to be determined by the record made in the
12 infringement proceedings.  Id. at 1380.
13     Applying the objective baselessness test to GuideTech's
14 unsuccessful infringement claims, the Court determines that
15 GuideTech's position on claim construction was not "so
16 unreasonable that no reasonable litigant could believe it would
17 succeed."  iLOR, 631 F.3d at 1378 (citing Dominant Semiconductors
18 Sdn. Bhd. v. OSRAM GmbH, 524 F.3d 1254, 1260 (Fed. Cir. 2008)).
19 Having construed the disputed claim terms and decided Brilliant's
20 motion for summary judgment of non-infringement, after holding a
21 hearing on the matters, and being familiar with the record, the
22 Court finds that this action presented a "routine question of
23 claim construction in which the issues are often complex and the
24 resolutions not always predictable."  Id. at 1379.  The Court
25 undertook construction of five disputed claim terms and phrases,
26 in particular, the phrase "defined within a signal channel" from
27 the abstract of the '231 patent.  See Aug. 11, 2011 Order on Claim
28 Construction, Granting Brilliant's Motion for Summary Judgment at

8

6-8. The Court found that Brilliant's proposed construction was more accurate because it captured the notion that measurement circuits are contained within a particular signal channel, whereas GuideTech's proposed construction was too broad and would capture an embodiment that has a measurement circuit that was present in more than one channel, which the Court determined was not supported by the claim language or specification. Id. at 7-8. The Court therefore construed the phrase to mean "contained within a signal channel." Id. at 8. Having so construed the disputed phrase, the Court found that the accused products did not infringe the '231 patent. Id. at 15-17. The Court also construed claim terms of the '671 and '649 patents and granted Brilliant's motion for summary judgment of non-infringement as to those patents.

Although the Court rejected GuideTech's proposed construction, GuideTech's infringement claims were grounded in a reasonable interpretation of the patents and are not deemed baseless in hindsight. The Federal Circuit has recognized that where patent disputes present difficult issues of claim construction, "simply being wrong about claim construction should not subject a party to sanctions where the construction is not objectively baseless." iLOR, 631 F.3d at 1380.

> Claim interpretation is not always an exact science, and it is not unusual for parties to offer competing definitions of even the simplest claim language. In this case, however, it is not for us to determine whether [plaintiff's] pre-filing interpretation of the asserted claims was correct, but only whether it was frivolous. We conclude that it was not, for [plaintiff's] claim interpretation, while broad, followed the standard canons of claim construction and was reasonably supported by the intrinsic record.

9

Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295, 1301 (Fed. Cir. 2004) (affirming denial of Rule 11 sanctions where pre-filing infringement analysis was supported by a sufficient evidentiary basis). Because the Court concludes that GuideTech's infringement claims were not objectively baseless, it is not necessary to reach the issue of subjective bad faith. See iLOR, 631 F.3d at 1378.

Brilliant does not address the question of whether GuideTech's infringement claims were objectively baseless, based on the record made in the infringement proceedings. Rather, Brilliant's exceptional case motion focuses on the reasonableness of GuideTech investigation before filing its infringement claims. "A claim is brought in subjective bad faith if the objective unreasonableness of the claim 'was either known or so obvious that it should have been known' by the patentee." Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1312 (Fed. Cir. 2012) (citing Seagate, 497 F.3d at 1371). "Rule 11 sanctions against an attorney may form a basis for an exceptional case finding[, b]ut the absence of Rule 11 sanctions does not mandate the opposite conclusion." Id. at 1313 (citing Brooks Furniture, 393 F.3d at 1381).

Although Brilliant has not brought a Rule 11 motion, it contends that the Court should determine whether GuideTech's pre-filing infringement investigation was inadequate under Rule 11 standards to find this to be an exceptional case. Mot. at 5-6, citing Judin v. United States, 110 F.3d 780, 784-85 (Fed. Cir. 1997) (Rule 11 requires a patentee and its attorney to compare the accused devices with the patent claim prior to filing the infringement claims). As the Federal Circuit has made clear,

10

however, where the Court has determined that the infringement claims were not objectively baseless, the Court need not reach the subjective question whether GuideTech acted in bad faith. Highmark, 687 F.3d at 1315.

C.   Litigation Misconduct

As a separate ground for seeking an award of fees pursuant to § 285, Brilliant contends that this case is exceptional because GuideTech engaged in litigation efforts to complicate the case through motion practice and discovery tactics. "Litigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice to make a case exceptional." Taltech Ltd. v. Esquel Enters. Ltd., 604 F.3d 1324, 1329 (Fed. Cir. 2010) (citation and internal quotation marks omitted). Having reviewed the litigation history of this action, including the discovery disputes raised before the Magistrate Judge, the Court concludes that both parties aggressively litigated this patent dispute. Brilliant has not demonstrated by clear and convincing evidence that GuideTech engaged in abusive litigation tactics.

Brilliant further contends that GuideTech intimidated Brilliant's customers into refusing to buy Brilliant's competing products, and that this misconduct supports an award of fees pursuant to § 285. Mot. at 20-21. As Brilliant acknowledges, these allegations are the subject of business tort claims being litigated in state court. Reply at 14. The merits of Brilliant's allegations of tortious interference are properly before the state court and are not relevant to a finding of misconduct in this proceeding.

11

On this record, Brilliant has not met its burden to show by clear and convincing evidence that GuideTech pursued objectively baseless infringement counterclaims against Brilliant or engaged in abusive litigation tactics. Brilliant's motion for an award of attorneys' fees pursuant to § 285 is therefore denied.

## II. Motion for Expert Fees

Brilliant also seeks an award of its expert witness fees in the amount of $69,552.86, pursuant to the Court's inherent sanction authority. Because § 285 does not authorize an award of expert witness fees, reimbursement of expert witness fees is governed by the general cost statute, 28 U.S.C. § 1920, and is limited by § 1821(b) governing witness attendance fees. Amsted Industries Inc. v. Buckeye Steel Castings Co., 23 F.3d 374, 376-77 (Fed. Cir. 1994). Federal courts have the inherent power to impose sanctions in the form of a reasonable expert fee award when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Id. at 378 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)). See also iLOR, 631 F.3d at 1380. A trial court must make a finding of fraud or abuse of the judicial process before invoking its inherent sanctioning power to impose expert witness fees in excess of the § 1821(b) cap. Amsted, 23 F.3d at 378. Because Brilliant has not demonstrated that GuideTech has engaged in fraud or abusive litigation conduct, sanctions are not warranted against GuideTech. Brilliant's motion for award of expert fees is therefore denied.

\\

\\

12

CONCLUSION

For the foregoing reasons, the Court DENIES Brilliant's motion for an award of attorneys' fees and expert fees, Docket No. 147.

IT IS SO ORDERED.


Dated: September 28, 2012

_____
CLAUDIA WILKEN
United States District Judge