IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRILLIANT INSTRUMENTS, INC., | No. C 09-5517 CW |
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW |
| v. | (Docket No. 208) |
| GUIDETECH, LLC, | |
| Defendant. | |

On June 13, 2013, attorneys Thomas W. Lathram, Arthur J. Behiel, Mark P. Guidotti, and Silicon Edge Law Group LLP (Movants) moved to withdraw as counsel for Plaintiff Brilliant Instruments, Inc. Docket No. 208. Shalom Kattan, Plaintiff's president, filed a declaration consenting to Movants' withdrawal. Docket No. 210.

On June 21, 2013, the Court took the motion under submission on the papers and stated that it would be resolved after a settlement conference with a Magistrate Judge had taken place. Docket No. 213, 1. The Court also noted that Plaintiff had consented to the withdrawal and thus, the motion is likely to be granted. Id. The Court warned Plaintiff, "As a corporation, Plaintiff cannot represent itself to prosecute this case" and advised it to begin seeking replacement counsel at that time. Id. The Court also warned Plaintiff that, if the case did not settle and the motion to withdraw were granted, it must appear at the upcoming case management conference--now scheduled for September 4, 2013--with new counsel or its case would be dismissed for

failure to prosecute and default would be entered against it on Defendant Guidetech LLC's counterclaims.[1]

On July 30, 2013, the Magistrate Judge held a settlement conference with the parties. Docket No. 217. The parties did not reach a settlement. Id.

Having considered the papers filed by Movants, and with the consent of Plaintiff after having been advised of the consequences of its counsel's withdrawal, the Court GRANTS Movants' motion to withdraw (Docket No. 208). Pursuant to Civil Local Rule 11-5(b), withdrawal is subject to the condition that papers may continue to be served on Movants for forwarding purposes to Plaintiff, unless and until Plaintiff appears through other counsel.[2]

---

[1] Mr. Kattan has filed a declaration attesting that Plaintiff's counsel also has advised him that "Brilliant, as a corporation, must be represented by counsel in this action and that failure to retain counsel could result in dismissal of the action and entry of default judgment against Brilliant." Kattan Decl. ¶ 6, Docket No. 210.

[2] Mr. Kattan has acknowledged this condition of withdrawal on behalf of Plaintiff. Kattan Decl. ¶ 5.

2

As the Court noted in the June 21, 2013 order, because it is a corporation, Plaintiff cannot represent itself in this matter. Thus, if it wishes to prosecute and defend this case, it must locate new counsel to represent it and have counsel make an appearance in this case prior to or at the upcoming case management conference.  Plaintiff is warned again that, if it does not find counsel to represent it and to make an appearance in this case within the time permitted, the Court will dismiss its claims for failure to prosecute and enter default against it on Defendant's counterclaims.

IT IS SO ORDERED.

Dated: 8/7/2013

CLAUDIA WILKEN
United States District Judge

3