IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDETECH, INC., | No. C 09-5517 CW |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE AND TRIAL BRIEFS |
| v. | |
| BRILLIANT INSTRUMENTS, INC. | (Re: Docket Nos. 251, 260, 261, 262, 267) |
| Defendant. | |

AND ALL RELATED COUNTERCLAIMS
_____/

On March 19, 2014, the Court held a pretrial conference and heard arguments regarding the parties' motions in limine and other pretrial motions. The Court issues the following rulings:

I. Motions in Limine

    a. Brilliant's Motions

No. 1 - Motion to exclude Dr. West's testimony that "a processor circuit configured to receive said time signals . . . to determine a time interval," or its equivalent: DENIED. Any inconsistencies in Dr. West's testimony go to its weight, not to its relevance and reliability and may be explored by Brilliant through cross-examination.

No. 2 - Motion to exclude reasonable royalty theory: GRANTED. At the hearing, GuideTech represented that it would not be pursuing a reasonable royalty theory of damages.

Nos. 3, 4, 5, 6, 7 - Motion to exclude lost profits theory: DENIED. Because GuideTech produced some evidence of its lost

profits theory during discovery, it would be inappropriate to exclude all evidence supporting this theory. GuideTech may only present evidence it has disclosed to Brilliant and must cite before trial where such evidence was disclosed.

No. 8 - Motion to exclude testimony that the relevant market is a two-supplier market: DENIED. GuideTech's witnesses, including Ronen Sigura, may offer their percipient knowledge of the relevant market. Brilliant can impeach Sigura with his somewhat inconsistent statement that GuideTech investigated whether a third company was a competitor in the relevant market.

No. 9 - Motion to exclude Tabatabaei as an expert witness: GRANTED. Tabatabaei served an expert report only on the validity of the '231, '671, and '649 patents, but not one concerning infringement; Tabatabaei may not testify as an expert on infringement. However, he may testify about facts of which he has personal knowledge based on his employment with GuideTech during the time Brilliant was allegedly infringing.

No. 10 - Motion to exclude evidence supporting permanent injunction: DENIED. GuideTech may present any evidence that it has disclosed to Brilliant that supports its request for a permanent injunction. If the evidence is also relevant to jury issues it may be presented to the jury; if relevant only to the injunction request it may be presented to the Court alone. The request for an injunction will not be alluded to before the jury.

No. 11 - Motion to exclude evidence of pending or prior legal proceedings: GRANTED. Proceedings in the state court action involving the same parties are not relevant to the patent infringement issues in this case. See Fed. R. Evid. 401, 403.

2

No. 12 – Motion to exclude documents produced after February 19, 2014: DENIED. GuideTech produced these documents in a timely fashion and any disorganization was substantially harmless. GuideTech also may use Dr. West's demonstratives at trial, so long as they are disclosed before trial and are within the scope of Dr. West's expert report, as GuideTech represents.

b.   GuideTech's Motions

No. 1 – Motion to exclude reference to Court's claim construction and summary judgment order: GRANTED IN PART. The Court's claim constructions will of course be available for purposes of instructing the jury.

However, the Court's summary judgment order on infringement may not be shared with the jury because any probative value is outweighed by the prejudicial effect and danger of confusing the issues. Fed. R. Evid. 403. Brilliant argues the summary judgment order is relevant for determining willfulness, i.e., whether "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." In re Seagate Technology, LLC, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc). Indeed, the Court's summary judgment order finding no disputed issue regarding literal infringement of the '671 and '649 patents, which was affirmed by the Federal Circuit, might be probative of whether Brilliant acted willfully. But, while the jury may decide factual questions underlying the willfulness inquiry, the objective aspects of willfulness, which is where the Court's summary judgment order is relevant, is a question that must be decided by the Court. Bard Peripheral Vascular, Inc. v. W.L. Gore & Associates, Inc., 682 F.3d 1003, 1007 (Fed. Cir.

3

2012). Because the Court will make the ultimate finding on willfulness, there is no need to present the summary judgment order to the jury. Additionally, presenting the Court's opinion of GuideTech's infringement case may confuse the jury.

No. 2 - Unopposed motion to exclude reference to the Federal Circuit opinion: GRANTED. Both parties agree that admitting the Federal Circuit's opinion would be prejudicial and would confuse the jury.

No. 3 - Motion to exclude mention of non-infringement of the '959, '767, '382, and '610 patents: GRANTED. Although GuideTech originally asserted these patents in the present case, at summary judgment GuideTech chose not to pursue them further. The fact that GuideTech dropped these patents is not relevant to willful infringement of the patents remaining in the suit and further would be confusing and unfairly prejudicial.

No. 4 - Motion to exclude any reference to the invalidity of the '231, '649, and '671 patents: GRANTED. The Court determined at summary judgment that Brilliant's invalidity case was barred by assignor estoppel. Brilliant may nevertheless utilize prior art to defend against GuideTech's doctrine of equivalents case. <u>Tate Access Floors, Inc. v. Interface Architectural Res., Inc.</u>, 279 F.3d 1357, 1367, 1369 (Fed. Cir. 2002).

No. 5 - Motion to exclude any mention of previously-excluded prior art references: DENIED. The Court's previous order striking Dr. Kaliski's report to the extent that it relied on certain prior art references for its invalidity opinion expressly stated that Dr. Kaliski may rely on the references for other purposes. Docket No. 85 at 4. As discussed previously, Dr. Kaliski may only

4

present opinions that he has properly disclosed in an expert report.

II. Pretrial Motions

    a.   Motion to Realign Parties

As the declaratory judgment defendant, GuideTech moves to realign the parties so that it is the plaintiff and proceeds first at trial. In the Ninth Circuit, district courts look to the "primary purpose" of the litigation to determine, in their discretion, whether to realign the parties in accordance with the primary dispute in controversy. Plumtree Software, Inc. v. Datamize, LLC, 2003 WL 25841157, at *3 (N.D. Cal.) (citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000)). Because invalidity is no longer at issue, GuideTech is the sole party bearing the burden of proof in this case. The motion is GRANTED and the parties are realigned so that GuideTech is the plaintiff and Brilliant is the defendant.

    b.   Motion to Bifurcate Willfulness from Liability

Brilliant moves to bifurcate the issue of willfulness from the issue of infringement. Fed. R. Civ. P. 42(b). The Court sees no special risk of prejudice here. Bifurcation would not serve the interests of judicial economy. The motion is DENIED.

    c.   Motion to Clarify Claim Construction

At claim construction, the Court construed "defined within a signal channel" as "contained within a signal channel." Docket No. 137 at 8. Neither party challenged the Court's claim constructions on appeal and the Federal Circuit accepted the Court's claim constructions in finding a disputed issue of infringement based on the above-referenced term. Brilliant

5

Instruments, Inc. v. GuideTech, LLC, 707 F.3d 1342, 1345 (Fed. Cir. 2013). Brilliant now moves to "clarify" that the Court's claim construction does not include "an embodiment that has a measurement circuit that is present in more than one channel." Brilliant contends the Federal Circuit did not consider this Court's reasoning rejecting GuideTech's proposed construction on the basis that it "captures an embodiment that has a measurement circuit that is present in more than one channel, which is not supported by the claim language, the specification or Figure 1." Docket No. 137 at 7-8. Contrary to Brilliant's assertion, however, the Federal Circuit did consider Brilliant's present argument. See Brilliant Instruments, Inc., 707 F.3d at 1345 ("Brilliant argues that it cannot infringe because the district court, as a matter of claim construction, rejected GuideTech's argument that 'defined within' allowed a measurement circuit to be present in more than one channel."). The Federal Circuit nevertheless found a disputed issue as to infringement because GuideTech's evidence showed that, when the accused products operate in "One-Channel-Two-Edge mode," "the only active signal path flows from the input to two measurement circuits." Id. The Court thus declines to adopt Brilliant's proposed change because it contradicts the Federal Circuit's application of the Court's claim construction.

IT IS SO ORDERED.

Dated: 3/25/2014

CLAUDIA WILKEN
United States District Judge

6