IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDETECH, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>BRILLIANT INSTRUMENTS, INC.,<br><br>      Defendant.<br>_____/ | No. C 09-5517 CW<br><br>ORDER ON MOTION FOR SANCTIONS AND ADMINISTRATIVE MOTION TO SEAL<br><br>(Re: Docket No. 250) |

Defendant Brilliant Instruments, Inc. moves for sanctions against Plaintiff GuideTech, Inc. based on the filing of GuideTech's Motion for Leave to Amend its Answer and Counterclaims. GuideTech opposes, and in turn asks that the Court order Brilliant to pay reasonable expenses and attorneys' fees incurred by GuideTech in filing its opposition. Having considered the papers, the Court DENIES the motion.

BACKGROUND

On November 20, 2009, Brilliant filed suit against GuideTech in federal court, seeking declaratory judgment of non-infringement of seven of GuideTech's patents. Docket No. 1. On December 14, 2009, GuideTech answered the complaint and asserted counterclaims of patent infringement of three of its patents. Docket No. 5. On December 8, 2010, Brilliant amended its complaint to include certain state law claims asserted affirmatively against GuideTech. Docket No. 35.

On November 12, 2010, GuideTech filed suit against Brilliant in Santa Clara County superior court, asserting (1) intentional interference with prospective economic advantage, (2) negligent interference with prospective economic advantage, (3) slander, and (4) breach of contract. Brilliant removed the action to federal court. Brilliant Instruments, Inc. v. GuideTech, Inc., Case No. 10-CV-5669 CW, Docket No. 1. GuideTech moved to remand, arguing there was no reasonable basis for removal under 28 U.S.C. § 1367 because the Court did not have original jurisdiction over GuideTech's state law claims, and further, GuideTech's state law claims did not arise from the same factual basis as its patent infringement claims. 10-CV-5669, Docket No. 4. The Court agreed, remanding the case and awarding attorneys' fees to GuideTech, but also noted that it would be more efficient for all of the parties' claims against each other to be litigated in the same court. 10-CV-5669, Docket Nos. 16, 17.

Brilliant filed a motion for summary judgment of non-infringement of the patents-in-suit. While the Court was considering the motion, on June 29, 2011, the parties filed a stipulation agreeing that the state law claims of both parties should be consolidated in either the federal court action or the state court action, depending on the Court's ruling on the motion for summary judgment. Docket No. 133 at 3. If the Court ruled against Brilliant, then GuideTech would shift its state law claims to federal court; if the Court granted summary judgment in favor of Brilliant, then Brilliant would shift its state law claims to state court. Id. at 4-5. On August 11, 2011, the Court granted Brilliant's motion for summary judgment. Docket No. 137. The

2

1  parties moved jointly to dismiss Brilliant's state law claims
2  without prejudice pursuant to their earlier stipulation, which the
3  Court granted.  Docket No. 139.
4      GuideTech appealed the Court's summary judgment order.  On
5  February 20, 2013, the Federal Circuit affirmed in part and
6  reversed in part the Court's order, and remanded for further
7  action.
8      The Court set a case management conference (CMC) on September
9  25, 2013.  While the parties were preparing the joint CMC
10 statement, GuideTech's counsel, Einav Cohen, indicated to
11 Brilliant's counsel that she intended to withdraw from the case.
12 Swope Decl. ¶ 8.  She asked Brilliant's counsel to stipulate to a
13 ninety-day continuance of the trial so that GuideTech could find
14 new counsel to represent it in the federal trial, but Brilliant
15 declined.  Id. ¶¶ 9, 10.
16     At the CMC, the parties appeared to disagree over whether the
17 state court action should be recombined with the federal action.
18 Docket No. 238 at 2-4 (Brilliant's counsel stating, "I don't think
19 we made [] the position that it belongs here; GuideTech's counsel
20 stating, "Your Honor, we believe it should be recombined" and
21 noting that it could file a notice of removal).  The Court gave
22 GuideTech permission to file notice to remove the state court
23 claims to federal court within ten days, again stressing that "it
24 would be cheaper, more efficient, easier to coordinate" if both
25 "fights" were adjudicated in the same place.  Id. at 4.  The Court
26 also noted that Brilliant could file a motion to remand, if
27 GuideTech's removal was unwarranted.  Id.  The Court denied
28

3

1  Cohen's request for continuance and set trial for March 31, 2014.
2  Docket No. 229.

3  On October 7, 2013, GuideTech moved for leave to amend its
4  complaint and counterclaims to include the state law claims
5  pending in Santa Clara superior court.  Docket No. 233.  GuideTech
6  contended that it was doing so to save judicial and party economy
7  pursuant to the Court's directive that both disputes should
8  proceed together, and as evidenced by the parties' earlier
9  stipulation that if GuideTech's patent claims survived summary
10 judgment, then the patent and state law claims would be combined.
11 Id.  Brilliant opposed the motion.  Docket No. 235.  On December
12 23, 2013, before the Court ruled on the motion, GuideTech withdrew
13 the motion, noting that it had retained new counsel and was ready
14 to proceed to trial.  Docket No. 246.

15 In the state court action, on September 16, 2013, GuideTech
16 filed a case management statement noting that this Court was
17 considering whether to combine the patent claims and state law
18 claims.  Swope Decl. ¶ 11, Ex. F.  Brilliant alleges the state
19 court granted a stay of proceedings until this Court decided
20 whether to combine the claims.  Id. ¶¶ 15-16.  Brilliant alleges
21 that GuideTech has "made no effort to date to inform the state
22 court that it was no longer seeking to amend its answer in the
23 federal case" for purposes of lifting the stay.  Id. ¶ 17.[1]

---

[1] Brilliant does not provide the order granting the motion to stay, and the state court's docket is unclear as to whether the motion was granted.  See GuideTech, LLC v. Brilliant Instruments, Inc., et al., Case No. 1-10-CV-187147 (Santa Clara Sup. Ct. Nov. 12, 2010).  The case also appears to be open.  Id.

LEGAL STANDARDS

Federal Rule of Civil Procedure 11 provides that by filing a pleading, written motion, or other paper, an attorney certifies that, after performing a reasonable inquiry, it is not being presented for "improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal and factual allegations are not frivolous and have proper basis.  A court may award sanctions against any attorney or party who violates this rule.  Fed. R. Civ. P. 11(c).

Title 28 U.S.C. § 1927 provides, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  An imposition of § 1927 sanctions "must be supported by a finding of subjective bad faith," which is present where "an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purposes of harassing an opponent."  In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996).

The district court also has "inherent authority to impose sanction for bad faith, which includes a broad range of willful improper conduct."  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  The court may award reasonable attorneys' fees "to a successful party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  F. D. Rich Co., Inc. v. U.S. for Use of Indus. Lumber Co., Inc., 417 U.S. 116, 129 (1974).

5

## DISCUSSION

### A. Motion for Sanctions

Brilliant's motion charges that GuideTech's Motion to Amend was "frivolous and vexatious." Motion at 1. Brilliant argues that not only did the motion lack legal basis, but it was filed solely to delay adjudication of both the state court action and the federal action.

GuideTech contends that it is protected by Rule 11's safe harbor provision because it withdrew its Motion to Amend long before Brilliant served notice of its motion for sanctions. Brilliant responds that in order to receive the protection of the safe harbor provision, GuideTech had to withdraw its motion twenty-one days after service of GuideTech's own offending motion rather than of Brilliant's motion for sanctions. Brilliant is mistaken. The statute and case law make clear that the provision protects the filer from sanctions so long as it withdraws the offending filing within twenty-one days of service of the opposing party's motion for sanctions. Fed. R. Civ. P. 11(c)(2); Holgate v. Baldwin, 425 F.3d 671, 678 (9th Cir. 2005). The purpose of the safe harbor provision is to ensure "that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation." Id. at 678. Because GuideTech withdrew its motion before Brilliant notified GuideTech of its intent to file a motion for sanctions in February 2014, GuideTech receives the protection of the safe harbor provision.

6

1    Brilliant contends that its motion for sanctions is based on
2 more than just the filing of the Motion to Amend, and under
3 authority in addition to Rule 11.  Brilliant argues GuideTech's
4 "vexatious litigation conduct for the bad faith purpose of
5 delaying trial and multiplying the proceedings," starting from the
6 parties' preparation of the joint CMC statement in September 2013,
7 is sanctionable under both § 1927 and the Court's inherent power.
8    As mentioned previously, § 1927 requires a showing that an
9 attorney recklessly argued a frivolous position, or alternatively,
10 argued a meritorious position but for the improper purpose of
11 harassment of an opponent.  In re Keegan Mgmt. Co., Sec. Litig.,
12 78 F.3d at 436.  To determine whether GuideTech's Motion to Amend
13 had any legal basis, the Court turns to Federal Rule of Civil
14 Procedure 15, which provides that the court shall grant leave to
15 amend freely "when justice so requires."  This policy should be
16 applied with "extreme liberality" unless there is evidence of
17 undue delay, bad faith or dilatory motive, repeated failure to
18 cure deficiencies pointed out by the court, undue prejudice to the
19 opposing party, or futility of amendment.  Eminence Capital, LLC
20 v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003).
21 Brilliant argues that GuideTech was dilatory in seeking leave to
22 amend after first filing its federal patent counterclaims and
23 state law claims separately, then attempting to combine the two
24 several years later.  According to Brilliant, GuideTech adopted
25 this tactic originally to increase the costs of litigation, but
26 later sought to bring its state law claims to federal court to

7

avoid facing sanctions in state court.[2]  Further, Brilliant contends amendment would be futile because the patent claims and the state law claims do not arise from the same core of operative facts, which was GuideTech's previous position.

GuideTech's Motion to Amend was not frivolous because both the Court and the parties contemplated on multiple occasions the possibility of bringing the state court claims to federal court. The Court observed on multiple occasions that there might be pendent although not original jurisdiction, and to litigate both sets of claims in the same forum might serve judicial economy. See 10-CV-5669, Docket Nos. 16, 17.  The parties' stipulation recognized the benefits of litigating both sets of claims together.  As recently as the September 25, 2013 CMC, the parties discussed the possibility of combining both sets of claims with the Court, albeit through a notice to remove.  GuideTech realized that removal would not be successful because the Court would not have original jurisdiction over the state law claims and accordingly filed the proper motion for the circumstances, the Motion to Amend.  The Court is therefore hard-pressed to find that motion was dilatory or would be futile.  The Motion to Amend was not legally baseless, nor was it for improper purpose.

---

[2] Brilliant lists numerous complaints about GuideTech's actions in the state court proceedings. See Motion at 11-12.  The Court only considers GuideTech's conduct in the state court action for purposes of determining whether GuideTech acted improperly in the present action.  The Court does not consider the question of whether GuideTech improperly failed to seek to dissolve the stay in the state court action, which is an inquiry that should be explored by the state court because of its superior knowledge of that litigation.

8

Brilliant also has not proven that GuideTech's withdrawal of the Motion to Amend was conducted in bad faith. GuideTech explains that its change in litigation tactics was due to the change in counsel as well as circumstances. Indeed, GuideTech hired new counsel in late 2013. It is not unreasonable for GuideTech to decide, upon advice of new counsel, not to add new claims to the federal court action in order to streamline the issues for the impending trial.

Because Brilliant has not demonstrated GuideTech acted in bad faith, either in filing its Motion to Amend or otherwise, the Court declines to impose sanctions under either § 1927 or its inherent power. Brilliant's motion for sanctions is DENIED.

In its opposition, GuideTech seeks attorneys' fees for responding to the motion for sanctions. Because this request was not filed as a separate motion, it is DENIED. See Holgate, 425 F.3d at 677.

B.   Administrative Motion to Seal

Brilliant filed an administrative motion to seal portions of its motion for sanctions. The portions sought to be sealed refer to information that GuideTech designated as "Highly Confidential - Attorneys' Eyes Only" pursuant to the protective order in this case. As the Designating Party, GuideTech must within four days file a declaration establishing that the designated material is sealable. Civ. L.R. 79-5(e)(1). GuideTech did not do so. The administrative motion to seal is therefore DENIED. Brilliant

1  shall file an unredacted version of document on the public docket
2  in accordance with Civil Local Rule 79-5(e)(2).
3       IT IS SO ORDERED.

Dated: 4/9/2014

CLAUDIA WILKEN
United States District Judge